## 59472. DENNARD v. THE STATE.

BIRDSONG, Judge.

John D. Dennard was identified by witness-victims as having committed two offenses of assault with intent to murder, armed robbery, robbery by intimidation and escape from confinement. All these offenses except the escape were committed in 1966. Appellant escaped from pretrial confinement in January 1967. The evidence shows that he was absent from this state until his reapprehension in 1976. In August 1976, he was sentenced to two life sentences to be served concurrently, two ten-year sentences concurrently to be served consecutively with the concurrent life sentences, and twelve months to be served concurrently. An out-of-time appeal was granted. Dennard raises several enumerated errors. *Held:* ·

1. Dennard complains that the trial court erred in denying his pleas in abatement based upon the running of the statute of limitation and also in failing to submit that issue to the jury for its resolution. Although there is no part of the transcribed record showing that the pleas in abatement were considered by the trial court at pretrial hearings, the parties indicate that the court did consider the pleas and ruled adversely to Dennard thereon prior to the jury portion of the trial. The record establishes that Dennard committed all the robberies and assaults on November 4, 1966. He

was arrested and then escaped from confinement on January 4, 1967. He was indicted for the offenses of armed robbery, assault with intent to murder, and escape on January 23, 1967, and in April, 1976, after his reapprehension in February, 1976, he was further indicted for the remaining robbery by intimidation and assault with intent to murder.

In this state the statute of limitation is suspended during the time the offender conceals himself so that he cannot be arrested. If after the commission of the crimes the offender is arrested, and then escapes and conceals himself before indictment and avoids arrest, such concealment still will suspend the statute of limitation. *Watkins v. State,* 68 Ga. 832; *Jones v. State,* 6 Ga. App. 803, 804 (65 SE 801). The evidence shows that appellant was indicted for three of the five offenses well within a year of the commission of the offenses and two months after his rearrest, he was indicted for the other two; he was tried for all five offenses within seven months of his ultimate arrest. The trial court did not err in overruling the pleas in abatement. Nor did the trial judge err in ruling upon the pleas in abatement himself rather than submitting the issue to the jury. There was no contest as to the facts giving rise to the issue, only a question of the legal appplication of the fact of escape and concealment as tolling the running of the statute. A pretrial hearing on the plea in bar on the context of this case is a very effective, fair and expedient method to deal with limitation problems. *State v. Tuzman,* 145 Ga. App. 481, 482 (2) (243 SE2d 675). This enumeration is without merit.

2. In other enumerations of error, appellant contends that the trial court inadequately charged upon the issue of mental responsibility by not instructing on the presumption of sanity; by not placing the burden of proof of sanity upon the state and that the language used tended to shift the burden to the defendant to prove he was not mentally competent. Additionally, appellant complains that the proof showed without rebuttal that he was insane and therefore the trial court improperly denied a motion for new trial because of insanity.

In this case there was evidence that Dennard had been committed to mental institutions on many occasions. He was diagnosed as being a schizophrenic with episodes of paranoia. Dennard offered his own testimony and that of family to show lack of mental responsibility. However, there was rebuttal evidence offered by the state showing that Dennard was competent and responsible. Also there was testimony of several lay witnesses who had observed normal and rational behavior. In such a factual context, the trial court did not err in denying a motion for new trial

on the grounds of insanity. *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891).

As to the charge itself, the failure to inform the jury that there is a presumption of sanity removed that presumption from the jury's consideration and clearly worked a benefit to Dennard by leaving only a question of lack of sanity to determine. In its charge on sanity, the trial court did not specifically include a reference to burden of proof as being upon the state. However, the trial court no less than eighteen times reminded the jury that the burden of proof was upon the state to prove intent, presence, identity and each element of each offense. The charge required the jury to find that Dennard had sufficient memory, intelligence, reason and will to enable him to distinguish right from wrong. A similar charge was considered in *Lamb v. State,* 241 Ga. 10, 13 (3) (243 SE2d 59). There it was held that "[t]he general charge included a charge as to reasonable doubt and in all discussion of the burden of proof in any manner it was made clear that the burden was on the state. Considering the charge in its totality we find that no burden was placed on the appellant or that any portion of the charge was burden-shifting." Like the Supreme Court in *Lamb,* supra, we can find no harm or error resulting to the appellant in this case. These enumerations are likewise without merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED FEBRUARY 7, 1980 — DECIDED APRIL 8, 1980.

*Benjamin Zeesman,* for appellant.
*Gary C. Christy, District Attorney,* for appellee.