## 73779. CRENSHAW v. THE STATE.
### (359 SE2d 419)

CARLEY, Judge.

Appellant appeals from the judgment of conviction and sentence entered on a jury verdict finding him guilty of trafficking in cocaine.

1. Agent Paul Markonni of the Federal Drug Enforcement Agency (DEA) was observing passengers deplane at Hartsfield International Airport after a flight from Miami. Markonni noticed that a certain deplaning passenger, appellant's co-defendant Samuel, exhibited characteristics common to drug couriers. As Agent Markonni was watching Samuel, he also noticed that appellant had deplaned. After making eye-contact with Samuel, appellant began following Samuel at a distance of 30 to 40 feet and, as they walked away from the gate, they maintained this distance. Samuel periodically looked back at appellant. When appellant stopped, Samuel waited. They proceeded in this fashion to another gate, where they spoke briefly. Samuel then followed appellant to and from the rest room. After returning to the gate area, Samuel took a seat while appellant stood against a wall several feet away. It was the opinion of Agent Markonni that, at all times, Samuel and appellant were endeavoring to give the impression that they were not traveling together.

Markonni approached and spoke to Samuel and subsequently arrested him. Appellant does not question the existence of probable cause for Samuel's arrest. In the search pursuant to Samuel's arrest, Markonni found two bags containing what appeared and did prove to be 620 grams of cocaine. After discovering the cocaine on Samuel, Markonni approached and asked to speak with appellant. Appellant voluntarily produced his ticket, which showed the same itinerary as Samuel's. The ticket had no baggage claim checks attached to it and had been paid for in cash. Appellant consented to be searched and voluntarily accompanied Agent Markonni to the room where Samuel was being held. As appellant entered the room, Samuel stated "I don't know him." Although the search of appellant revealed no drugs, he was detained while the agent obtained his and Samuel's airline reservation records. The records revealed that they had identical reservations. They had booked neighboring seats on all legs of their trip. As home telephone numbers, each had given virtually the identical

number. When Markonni called the two numbers, he discovered that neither was located at a residence. Although appellant and Samuel had initially made reservations to fly out of Fort Lauderdale, within two minutes of each other, they had changed their departure site to Miami. Based on all of the above information, appellant was also arrested for trafficking in cocaine.

Appellant enumerates as error the insufficiency of this evidence to support his conviction. The indictment charged that appellant and Samuel had violated OCGA § 16-13-31 (a) (3) in that they "did knowingly bring into this State and were knowingly in actual possession of more than 400 grams of a mixture containing cocaine. . . ." Appellant was not in actual possession of the contraband because all of the cocaine was strapped to Samuel's legs. Thus, appellant could be a party to the crime of trafficking in the cocaine which was in Samuel's actual possession only if appellant intentionally aided or abetted Samuel so as to be in constructive possession of the contraband. See *Lang v. State*, 171 Ga. App. 368, 369 (1) (320 SE2d 185) (1984). The evidence of appellant's guilt was entirely circumstantial. He was in the presence of Samuel when the latter had actual possession of the cocaine. However, " '[p]resence at the scene of a crime is not sufficient to show that a defendant is a party to the crime under OCGA § 16-2-20. [Cits.] Even approval of the act, not amounting to encouragement, will not suffice. [Cit.] This is so because under OCGA § 24-4-6 "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." ' [Cit.]" *Moore v. State*, 255 Ga. 519, 520 (1) (340 SE2d 888) (1986). Accordingly, the mere fact that appellant may have known that Samuel was carrying cocaine would not authorize a finding that he aided and abetted him in the offense of trafficking, although it might explain why appellant would deny knowing Samuel. See generally *DePalma v. State*, 225 Ga. 465, 466 (1) (169 SE2d 801) (1969). Likewise, appellant's prior "presence [on the flight with Samuel] was not sufficient to show that he was a party to the crime, [cit.], even though the circumstances may have raised suspicions of his guilt. [Cit.]" *Rautenberg v. State*, 178 Ga. App. 165, 168 (1) (342 SE2d 355) (1986). Although the evidence "may indicate [appellant's] predisposition to violate the Georgia Controlled Substances Act, it does not go to his complicity in the actual [crime] of [trafficking in cocaine] involved in the instant case." *Parker v. State*, 155 Ga. App. 617, 618 (2) (271 SE2d 871) (1980). The evidence that appellant and Samuel denied knowing each other when it was obvious that they were traveling together would perhaps cast the gravest suspicion that appellant had committed some offense. Nevertheless, "[t]he evidence created no more than a suspicion that [appellant] committed the crime and mere

suspicion is not sufficient to support a conviction. [Cits.]" *Muckle v. State*, 165 Ga. App. 873, 875 (1) (303 SE2d 54) (1983).

Other than the circumstantial evidence showing that appellant may have been aware that Samuel was involved in an illegal scheme or that he may have known Samuel was carrying drugs, there was no proof of any criminal participation by appellant in Samuel's plan. "[T]he evidence is therefore insufficient as a matter of law to sustain [appellant's] conviction for [trafficking in cocaine]. [Cit.]" *Moore v. State*, supra at 521 (1). Accordingly, the judgment of conviction must be reversed.

2. Remaining enumerations of error are moot.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 2, 1987.

*Herbert Shafer*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.