### 75659. HAXHO v. THE STATE.
(367 SE2d 282)

SOGNIER, Judge.

Appellant was convicted of trafficking in cocaine and he appeals.

1. Appellant contends the evidence is not sufficient to support the verdict. The evidence disclosed that Paul Markonni, a federal DEA agent, was in the Miami, Florida, airport waiting to board a plane to Atlanta. About ten minutes before departure time he observed Luis Arbelaez and appellant walk rapidly to the boarding gate, give their tickets to the flight attendant and board the plane. Markonni asked the flight attendant to let him look at the tickets, and noted that they were purchased with cash a few minutes earlier, and were one-way tickets to Philadelphia, actions which Markonni perceived as fitting the drug courier profile. Markonni boarded the plane and on deplaning in Atlanta unexpectedly met James Simmons, a member of the Henry County sheriff's department assigned to the airport task force for drug enforcement. Markonni told Simmons he had a couple of "live ones," and a short time later they observed Arbelaez and appellant coming from a bank of telephones. Arbelaez went into the snack bar and Markonni stopped appellant; Markonni identified himself and asked to speak to appellant, who agreed, and thereafter consented to a search of his person. No drugs were found on appellant and he reboarded the plane for continuation of his flight. In the meantime Simmons had approached Arbelaez in a similar manner; when he allegedly gave Simmons a false name, Simmons arrested him and took him to a small room where Arbelaez was searched. A wadded up newspaper with a small bag of cocaine inside was found in Arbelaez's inside coat pocket, and when asked if he had any other cocaine, he gave Simmons a small packet of cocaine from his billfold. After Markonni was notified of these actions he boarded the airplane and arrested appellant.

Both Arbelaez and appellant testified that he had no knowledge of the cocaine in Arbelaez's possession. He testified that he had pur-

chased the cocaine for his own use three or four days before going on his planned trip to New York. Appellant testified that the tickets, purchased in the name of Mike and Joe Colgan, had been reserved by Mike Colgan in Philadelphia for use by Joe Colgan and appellant. When Joe Colgan could not go to Philadelphia and appellant learned that Arbelaez planned on going to New York the following day, appellant asked him if he wanted to go to Philadelphia with appellant, who was going there on business. Arbelaez said okay, which is the only reason the two men were travelling together.

Appellant argues that this evidence is not sufficient to support his conviction, because there is nothing to show that he knew of the cocaine or was a party to the crime. The indictment charged that Arbelaez and appellant violated OCGA § 16-13-31 (a) (1) in that they "did knowingly bring into this state and was (sic) knowingly in actual possession of more than 28 grams of a mixture with the purity more than ten percent cocaine."

Since appellant was not in actual possession of the cocaine he could only be a party to the crime if he intentionally aided or abetted Arbelaez so as to be in constructive possession of the cocaine. *Crenshaw v. State*, 183 Ga. App. 527, 528 (359 SE2d 419) (1987). But see *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). Here, as in *Crenshaw*, evidence of appellant's guilt was entirely circumstantial, and to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the defendant. Id. With a few minor variations, the factual situation in this case is the same as that found in *Crenshaw*, i.e., two men were travelling together, and one had no contraband while the other had contraband strapped to his leg. In *Crenshaw* we held that the mere fact that Crenshaw and another man were travelling together was not sufficient to show that Crenshaw was a party to the crime, even if he may have known that his companion was carrying drugs. While such evidence in the instant case may have raised a suspicion that appellant was a party to the crime, mere suspicion is not sufficient to support a conviction. Id. at 528-529. Other than circumstantial evidence that appellant *may* have known that Arbelaez was in possession of cocaine, there was no proof of any criminal participation by appellant in Arbelaez's possession of cocaine. Accordingly, the evidence is not sufficient as a matter of law to sustain appellant's conviction of trafficking in cocaine, and his conviction must be reversed. *Crenshaw*, supra at 529. While our decision here is based upon *Crenshaw*, we note that *Lockwood*, supra, held that *constructive* possession is not sufficient to support a conviction for violating OCGA § 16-13-31 (a) (1), supra.

2. In view of our decision in Division 1, we need not consider

appellant's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur in the judgment only.*

DECIDED MARCH 16, 1988.

James K. Jenkins, for appellant.

Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney, for appellee.