### 77780. MOODY v. THE STATE.
(378 SE2d 375)

SOGNIER, Judge.

Walter Leroy Moody appeals from the order revoking the suspension of his twelve months' sentence for abandonment of his minor child.

The record reveals that in October 1977, appellant was tried by a jury and convicted of abandonment. He was sentenced to pay court costs and a weekly sum for child support, and to twelve months' in-

carceration, which was suspended. Appellant filed an appeal, and this court affirmed. In May 1978, on the same day the remittitur was filed in the trial court, the trial court issued an order and rule nisi requiring appellant to show cause why he should not be required to serve the suspended sentence. A bench warrant was also issued for his arrest. Appellant was never served, however, with that order and rule nisi. Over ten years later, on July 25, 1988, appellant was arrested pursuant to a duplicate warrant charging him with violating the terms of his suspended sentence. A hearing was held in the trial court, and appellant's suspended sentence was revoked, requiring him to serve the twelve months' incarceration.

Appellant contends the trial court erred by requiring that appellant serve the suspended sentence, because the time during which the court could require the sentence to be served had expired. We agree and reverse.

OCGA § 42-8-34 (d) (2) provides that "[s]ervice of any sentence suspended in abandonment cases may be ordered by the court having jurisdiction thereof *at any time before the child or children reach the age of majority, after a hearing.*" (Emphasis supplied.) It is uncontroverted that appellant's child reached the age of majority on November 9, 1987, some eight months before appellant's arrest. The statute is clear and unambiguous, and cannot be read to permit the revocation of a suspended sentence after the child or children have reached the age of majority, as was the case here. " '[W]here a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. [Cits.]' [Cit.] 'In other words the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent.' [Cits.]" *Hollowell v. Jove,* 247 Ga. 678, 681 (279 SE2d 430) (1981). Following this reasoning, this court has previously held, in *Entrekin v. State,* 147 Ga. App. 724, 725 (2) (250 SE2d 177) (1978), that the trial court "may thus, at the time of sentencing, specify the amount to be paid by the parent for the support of the minor child and may suspend the service of the sentence pending the minority of the child. *When the child reaches majority, the sentence of course is at an end.*" (Emphasis supplied.)

Although it is true that statutes of limitation may be tolled during the time an offender conceals himself to avoid arrest, see *Dennard v. State,* 154 Ga. App. 283, 284 (267 SE2d 886) (1980), we do not agree with the State that the record in this case shows that appellant concealed himself from the court. Rather, the record shows that an address in the Atlanta area was listed for appellant in the incident report which was in the court records. It is undisputed that the incident report was in the probation department file during the entire

period from 1978 through 1988. The record reveals that appellant lived at that address for approximately three years after his conviction, and at his next address for approximately five years. Further, the record discloses no effort by the probation department to *try* to locate appellant so that a hearing could be held, until the receipt of an anonymous "tip" in 1988. Thus, we find no evidence in the record to support a conclusion that appellant concealed himself during the period when the trial court had jurisdiction to act to revoke the suspended sentence.

Because OCGA § 42-8-34 (d) (2) barred the trial court from revoking the suspended sentence in 1988, after appellant's child reached the age of majority, and we do not find that appellant concealed himself so as to bring about a "tolling" of the statutory limitation, we reverse the trial court's revocation of appellant's suspended sentence.

*Judgment reversed. Carley, C. J., Banke, P. J., Birdsong, Pope, Benham, and Beasley, JJ., concur. Deen, P. J., and McMurray, P. J., dissent.*

DEEN, Presiding Judge, dissenting.

The evidence at the hearing showed that a rule nisi and a bench warrant were issued on May 16, 1978. Appellant could not be found in Bibb County, and the only address that the probation office had on file was his mother's Fort Valley, Georgia, address. The clerk of court sent notices to that address by certified mail, return receipt, that he had exhausted his appeals and that he was to comply with the court order. Although the incident report which initiated the abandonment action showed him to be living at a Clairmont Road address in Decatur, there was no evidence as to whether the probation officer knew of this address or had attempted to locate him there. The rules governing his suspended sentence, however, required him to report to the probation office as directed by his probation officer, to report immediately any change in his home address (which they had listed as being his mother's home in Fort Valley), to report any change in his place of employment, and to remain in Bibb County unless he was granted permission to leave by the court.

As Moody's suspended sentence could not be revoked without a hearing, OCGA § 42-8-34 (d) (2), and he was notified that the remittitur had been returned and he was required to comply with the terms of his suspended sentence, he cannot now complain that he should not be required to serve his suspended sentence simply because the child he abandoned has reached the age of majority. Criminal statutes of limitation are tolled if an offender is arrested and then conceals himself before indictment or if he escapes before indictment in order to avoid arrest. See OCGA §§ 17-3-1; 17-3-2; *Dennard v. State*, 154

Ga. App. 283, 284 (267 SE2d 886) (1980). An analogous situation is presented in the instant case where the defendant had exhausted his appeals and was ordered to present himself to the court to show cause why his suspended sentence should not be revoked, and a warrant for his arrest was issued.

An even stronger analogy may be made to a case in which a prisoner who is serving a sentence escapes from confinement. The time elapsing between the escape and the recapture of the prisoner contributes nothing towards service of the sentence. *Theriault v. Peek*, 406 F2d 117 (1968); *Phillips v. Dutton*, 378 F2d 898 (1967). In the instant case, Moody had been convicted of child abandonment and his sentence suspended provided he comply with the conditions imposed by the court. He did not comply, and his suspended sentence was revoked. We do not interpret OCGA § 42-8-34 (d) (2) to mean that a person so convicted may conceal himself during the child's minority and reappear after the child reaches the age of majority and claim that he cannot be required to serve his time for violating the sentence. Such a flagrant violation of the law mandates that the period during which he conceals himself must result in a tolling of the time when he is required to serve his suspended sentence.

I must respectfully dissent. I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED JANUARY 30, 1989.

*Ford & Ford, Michael C. Ford*, for appellant.
*Clarence H. Clay, Jr., Solicitor, J. Robert Sikes, Assistant Solicitor*, for appellee.