A90A0739. SANCHEZ v. THE STATE.
A90A0740. ROCHE v. THE STATE.
(398 SE2d 740)

SOGNIER, Judge.

Johnny Sanchez and Donald Roche were convicted of trafficking in cocaine, and they appeal.

1. Appellants contend the trial court erred by denying their motion to suppress. Evidence adduced at the hearing on appellants' motion and at trial, see generally *Sanders v. State*, 235 Ga. 425, 431-432 (219 SE2d 768) (1975), disclosed that Sergeant Sanford West of the Cherokee County Sheriff's Department received a telephone call from Lyndall Bounds, owner of an automobile repair shop in Acworth. Bounds related to West a conversation that he and an employee had overheard between two men in a 1985 Chevrolet Cavalier who had pulled into his shop to have new spark plugs installed. Bounds told West the two men had argued about the possibility of someone finding the "dope" in the car. The two men then took a large plastic garbage bag from inside the passenger compartment of the Chevrolet, placed it in the trunk, removed the trunk key from the key ring, and left the ignition key in the car before leaving the shop to go to a nearby restaurant. Bounds told West that the automobile had no license plate tag and that the two men were from Chicago.

West testified he radioed Deputy Brenda Chin, a uniformed patrol officer, and arranged to meet her at a restaurant parking lot near the intersection of two highways some 200 or 300 yards from the automobile repair shop. West apprised Chin of the situation, and shortly after she left, West observed a black 1985 Chevrolet Cavalier with no

tag and two male occupants departing the automobile repair shop. West testified that almost immediately he received a radio dispatch that Bounds had called to alert him that the subjects of the tip he had given West were leaving his business. West then radioed Chin about the car and observed her stop the Chevrolet a short distance from the repair shop.

Based on the information provided to West by Bounds, a private citizen who had overheard appellants discussing the contraband in their car, which West then relayed to Deputy Chin, we find that Chin had probable cause to stop and arrest appellants for a violation of the Georgia Controlled Substances Act (GCSA). "An officer has authority to arrest anyone of whom he has a reasonable suspicion that he has committed a felony, without waiting first to procure a warrant. [Cit.] What constitutes 'reasonable grounds of suspicion' is generally to be determined under the facts of the individual case. [Cit.] . . . 'It is well settled that an arrest may be made upon hearsay evidence; and indeed, the "reasonable cause" necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties.' [Cit.] 'It is the function of the court to determine if the facts upon which the officer acted would warrant a man of reasonable caution to believe that an offense had been committed. . . .' [Cit.]" *Chaney v. State*, 133 Ga. App. 913, 916 (213 SE2d 68) (1975).

The transcript reveals, however, that after Chin stopped appellants' car and ascertained that the car had a valid temporary Illinois license plate and that appellant Roche, the driver, had a valid Illinois document serving as his driver's license, Chin did not arrest appellants for possession of contraband, for which she had probable cause, but instead arrested appellant Roche for having no proof that the Illinois registered car he was driving was insured, citing OCGA § 33-34-12. Chin and West, who arrived at the scene shortly after the arrest, then commenced an inventory search of the car and discovered suspected contraband and drug paraphernalia inside the passenger section of the car. Appellant Sanchez was then arrested for violation of the GCSA and Roche was also charged with this additional offense. A subsequent search of the trunk, pursuant to a warrant, revealed a large plastic garbage bag containing $4,000 and nine ounces of 90 percent pure cocaine.

The transcript clearly establishes that Chin arrested Roche for violation of OCGA § 33-34-12 (a) (1). We do not agree with the State that Chin's arrest of appellant Roche for having no proof of insurance was a valid arrest. OCGA § 33-34-12 (a) (1) provides that "[t]he owner or operator of a motor vehicle shall keep proof or evidence of the minimum insurance coverage required by this chapter in the vehi-

cle at all times during the operation of the vehicle. . . . [A]ny person who fails to comply with the requirements of this subsection shall be guilty of a misdemeanor . . . ." The term "motor vehicle," as used in the Georgia Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq., is defined as "a vehicle . . . required to be registered under the laws of this state relating to motor vehicles." OCGA § 33-34-2 (6). "Where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. In other words the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent." (Citations and punctuation omitted.) *Moody v. State*, 190 Ga. App. 91, 92 (378 SE2d 375) (1989). Since it is uncontroverted that the car Roche was driving was an Illinois automobile not required to be registered under Georgia law, appellant Roche was not subject to arrest under OCGA § 33-34-12 (a) (1) for failure to have proof of insurance for the car.

We do not agree with appellants, however, that Roche's arrest for violating a statute inapplicable to him invalidates the arrest in toto where the arresting officer had probable cause to arrest both appellants for violation of the statute for which they were ultimately convicted. "The fact that [appellant Roche] was not initially charged with [violating the Georgia Controlled Substances Act] but with another, apparently baseless, charge does not invalidate the arrest. It is clear from the record that the actual reason he was taken into custody was because he was believed to be [violating the GCSA] and that this belief was a reasonable one under the circumstances. . . . [T]he arresting officer suspected [appellant Roche] of the crime for which he [and appellant Sanchez were] ultimately charged from the first moment [she] saw [them]. It is obvious that the initial charge of ["no proof of insurance"] was made merely as a pretext for taking [appellant Roche] into custody." *Reese v. State*, 145 Ga. App. 453, 454-455 (243 SE2d 650) (1978). Although appellant Roche was arrested for violating a statute which was not applicable to him (although, had it been applicable, there was probable cause to believe that he had violated the statute), whereas in *Reese* the appellant was arrested for a crime he could legally have committed ("prowling"), but for which no probable cause existed, we do not find that the reason why the stated arrest was baseless affects the validity of the arrest where probable cause clearly existed to make the arrest for which the arrestee was convicted.

"Since we have ruled that no such pretext was necessary [to effect the arrests], the mere fact that it was used does not require a reversal of the convictions." *Reese*, supra at 455 (1). Accordingly, the trial court did not err by denying appellants' motion to suppress.

2. Appellants contend the trial court erred by failing to give the jury their requested charge that "[t]he mere fact that a defendant may be aware that someone else is in possession of cocaine does not establish that the defendant is a co-conspirator or aider and abettor. If you find that [appellant Sanchez in his request; appellant Roche in his request] was only aware that drugs were in the car but did not actually possess them then, without more, he would not be guilty of trafficking in cocaine. *Haxho v. State*, 186 Ga. App. 393 [(367 SE2d 282)] (1988)."

In *Haxho*, the appellant was travelling in the company of Luis Arbelaez, who was carrying cocaine in his pocket and billfold. The appellant had no cocaine on his person, and *both* he and Arbelaez testified appellant had no knowledge of the cocaine in Arbelaez's possession. We noted that "[o]ther than circumstantial evidence that appellant *may* have known that Arbelaez was in possession of cocaine, there was no proof of any criminal participation by appellant in Arbelaez's possession of cocaine." Id. at 394. Conversely, in the case sub judice, *neither* appellant admitted possession of the cocaine, but instead both testified they had no knowledge of the cocaine in the car. Further, unlike in *Haxho*, the State produced direct testimony by Bounds and another employee at the repair shop who saw or overheard appellants arguing over how to hide the contraband while they were away from the vehicle.

" 'The trial court did not err in refusing to give the charge. "A jury charge is properly refused where it is not authorized or adjusted to the evidence adduced at trial. [Cit.]" [Cit.]' [Cit.]" *Williams v. State*, 192 Ga. App. 350 (385 SE2d 28) (1989).

3. Appellants were indicted for the offense of trafficking in cocaine, OCGA § 16-13-31, in that appellants "did unlawfully then and there knowingly deliver *and actually possess* more than 28 grams of cocaine." (Emphasis supplied.) The record reveals that appellants were arrested and indicted some six months after the effective date of the amendment to OCGA § 16-13-31 (a) (1), which deleted the requirement of "actual" possession, leaving only that of "knowing" possession of contraband. Ga. L. 1988, p. 420, § 2. In accord with the State's request, the trial court charged the jury that they would be authorized to convict appellants if they found "beyond a reasonable doubt, that [appellants] knowingly had actual *or constructive* possession, either alone or jointly with others" of the cocaine. (Emphasis supplied.)

Appellants contend that the inclusion in the indictment of "actually" to modify "possess" constituted a material averment as to the manner in which appellants were knowingly in possession of the cocaine. They do not (nor, under the evidence set forth above, could they) assert that the State failed to prove the allegation in the indict-

ment that they had actual possession of the cocaine. Rather, appellants contend that the trial court erred by instructing the jury that they could find appellants guilty of trafficking in cocaine if they found appellants possessed the cocaine in a manner not set forth in the indictment, namely, in constructive possession thereof. Appellants specifically challenged that part of the above charge regarding constructive possession during the charge conference reported in the transcript and argued to the trial court that it should limit its instruction to a charge solely on actual possession. The trial court overruled appellants' objection. We reverse.

"In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved." (Punctuation omitted.) *Walker v. State*, 146 Ga. App. 237, 241 (246 SE2d 206) (1978). The law recognizes two kinds of possession: actual possession and constructive possession. *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988). Thus, while OCGA § 16-13-31 (a) (1) requires only "knowing" possession of contraband by an accused, "knowing" possession is proved by showing either actual possession or constructive possession. See, e.g., *Allen v. State*, 191 Ga. App. 623, 624 (2) (382 SE2d 690) (1989). Because a conviction under OCGA § 16-13-31 (a) (1) would be authorized by proof of either actual or constructive possession, the inclusion in appellants' indictment of a description of the manner in which a material element of the charge was committed (i.e., that the cocaine was "actually" possessed by appellants) constituted an unnecessarily minute description of a necessary fact. Accordingly, we cannot agree with the State's argument that because OCGA § 16-13-31 (a) (1) requires only "knowing" possession of contraband, the reference in the indictment to actual possession was not a material averment but was mere surplusage. Compare *Moran v. State*, 170 Ga. App. 837, 841 (2) (318 SE2d 716) (1984) (for charge of trafficking in cocaine State not required to allege or prove defendant had intent to distribute cocaine; thus, language of "intent to distribute" in indictment mere surplusage).

"In criminal prosecutions the court's instructions to the jury must be tailored to fit the charge in the indictment and the evidence admitted at trial. [Cits.]" *Walker*, supra at 244 (2). Here, appellants were indicted by the grand jury for "actually possess[ing]" cocaine but the instructions by the court permitted them to be convicted on proof that they constructively possessed cocaine. "[I]t is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner. [Cits.]" *Owens v. State*, 173 Ga. App. 309, 312 (4) (326 SE2d 509) (1985). Because the trial court did not

withdraw the charge or otherwise give appropriate limiting instructions to the jury before a verdict was returned, compare *Mathews v. State*, 176 Ga. App. 394-395 (4) (336 SE2d 259) (1985), giving the challenged instruction to the jury constituted reversible error.

*Judgments reversed. Carley, C. J., and McMurray, P. J., concur specially.*

CARLEY, Chief Judge, concurring specially.

I agree with the majority's conclusion as set forth in Division 3 that the conviction must be reversed because the trial court charged on constructive possession when the indictment alleged only actual possession. If we were writing on a clean slate, I would opine that the error in so charging would be harmless in this case because the evidence would authorize the jury to find *only* "actual" possession. There is no evidence upon which to base a finding of "constructive" possession. However, in *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), this same position was taken by Justice Weltner in his dissent and did not prevail. Therefore, we are constrained to hold that the error was harmful requiring reversal.

In Division 1, the majority finds that the trial court did not err in denying the motion to suppress. I concur. However, I cannot agree with the rationale employed by the majority. The majority holds that the search was authorized as an inventory search because "the arresting officer had probable cause to arrest both appellants for violation of the statute for which they were ultimately convicted." (Majority opinion, p. 472.) I do not believe that the arresting officer had *probable cause* to *arrest* appellants for possession of contraband at the time that the car was stopped. All the officer knew at that time was that there had been a telephone call from the owner of a repair shop who had informed a police officer that he had heard the occupants of the car talking about "dope" and that said auto repair shop owner had observed the occupants of the car place a plastic garbage bag in the trunk of the car. As the majority has correctly held, the officer had probable cause *to stop* the car based upon that information and the apparent absence of a license plate. However, that information is certainly not sufficient to constitute probable cause to *arrest* for possession of contraband. Nevertheless, I agree that the motion to suppress was correctly denied because the information above recited was sufficient to authorize the search of a moving motor vehicle pursuant to the doctrine of *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925). See also *State v. Bradley*, 138 Ga. App. 800, 802 (2) (227 SE2d 776) (1976).

I am authorized to state that Presiding Judge McMurray joins in the portion of this special concurrence dealing with Division 3 of the majority opinion.

DECIDED OCTOBER 17, 1990 —
REHEARING DENIED NOVEMBER 6, 1990 —

*Maloy & Jenkins, W. Bruce Maloy, Barry W. Bishop,* for appellants.

*Garry T. Moss, District Attorney, C. David Gafnea, Assistant District Attorney,* for appellee.