## S96A1685. WHITE v. THE STATE.
(481 SE2d 804)

BENHAM, Chief Justice.

David Edward White brings this appeal from his conviction of two counts of felony murder, two counts of armed robbery, and four counts of aggravated assault.[1] Finding no merit in any argument raised, we affirm.

1. White's argument that the evidence at trial was not sufficient to support his convictions is not supported by the record. Three eye-witnesses, two of the victims and another person who was nearby, testified that White, his co-defendant Briscoe,[2] and another man used assault rifles to rob and then shoot four men, two of whom died. The evidence was sufficient to authorize a rational trier of fact to find White guilty beyond a reasonable doubt of felony murder, armed robbery, and aggravated assault. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Briscoe v. State,* 263 Ga. 310 (1) (431 SE2d 375) (1993).

2. During the trial, a police officer testified on cross-examination that one of the victims had twice failed to identify White from photographs. After cross-examination of the officer concluded, the prosecuting attorney requested that the witness be released, but defense counsel asked that he remain subject to recall, which request the trial court granted. When the victim of whom the officer had spoken testified, he said he had identified White from photographs. White sought to have the police officer recalled, but the officer had left town. White then moved for a continuance, the denial of which he now enumerates as error. Since the testimony White wanted to elicit

---

[1] The crimes were committed on January 28, 1992, and White was indicted on February 25 for two counts of malice murder, two counts of armed robbery, and four counts of aggravated assault. Trial commenced September 8, 1992, and concluded on September 11 with a verdict of guilty of two counts of felony murder, two counts of armed robbery, and four counts of aggravated assault. The trial court sentenced White to consecutive terms of life imprisonment for each count of felony murder (merging one aggravated assault count into one felony murder count and one armed robbery count into the other felony murder count) and twenty years each for the remaining four counts, all to be served concurrently with the two life sentences. A motion for new trial was filed on October 12, 1992; an amended motion for new trial was filed by new counsel on July 13, 1995; and the motion was denied on April 19, 1996. White filed a notice of appeal on May 17, 1996, and the appeal was docketed in this Court on July 15, 1996. The appeal was submitted for decision on the briefs.

[2] Briscoe's conviction was affirmed in *Briscoe v. State,* 263 Ga. 310 (431 SE2d 375) (1993).

from the officer was merely impeaching and was cumulative in that the officer had already given the very impeaching testimony White wanted, the trial court did not abuse its discretion in denying the motion for continuance. *Stafford v. State*, 187 Ga. App. 401 (3) (370 SE2d 646) (1988).

3. White enumerates as error the trial court's failure to give a charge on impeachment. The record shows, however, that White never requested a charge on impeachment. Under those circumstances, the objection White seeks to raise on appeal was waived. *Hall v. State*, 241 Ga. 252 (7) (244 SE2d 833) (1978).

4. Although White did not request a charge on alibi and the trial court did not give such an instruction in its initial charge to the jury, the trial court did instruct the jury on that issue in the course of a recharge. White now complains that the charge was not timely. Considering that White was not entitled to the charge at all, having failed to request it (*Weathers v. State*, 202 Ga. App. 849 (3) (415 SE2d 690) (1992)), we find no error in the timing of the charge.

5. White's contention that he is entitled to reversal of his conviction because of the trial court's failure to define simple assault as a part of its instruction on aggravated assault is controlled adversely to him by *Sutton v. State*, 245 Ga. 192 (2) (264 SE2d 184) (1980).

6. Three witnesses made reference to photographs of White used for identification purposes. One witness described the pictures as being "like a criminal picture." Another witness, a police officer, referred to the photos he used as "photographic mug shots . . . received from the identification section," and also testified that he sought "A.P.D. I.D. photographs" of White and another person, but only found three pictures. White contends on appeal that the reference to mug shots impermissibly put his character in issue. We disagree.

The police officer's references to the photos were a mere reference to the fact that White's photograph was already in police records, which did not place White's character in issue. *Woodard v. State*, 234 Ga. 901 (2) (218 SE2d 629) (1975); compare *Stanley v. State*, 250 Ga. 3 (1) (295 SE2d 315) (1982), where mug shots were explained as "pictures of individuals that we have had previous cases on." The other witness, who said the pictures he was shown were "like a criminal picture," explained that description by reference to the fact that the subject of each photograph was shown in profile. That explanation did not indicate to the jury anything more than what the police officer said, that the pictures were identification pictures, and did not put White's character in issue.

7. Finally, White contends that he was denied effective assistance of counsel. The fact that his trial counsel was subsequently disbarred (*In the Matter of Harrell*, 265 Ga. 785 (462 SE2d 753) (1995))

does not require the conclusion that his representation of White meets the test for ineffective assistance of counsel found in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The attorney's acts of professional misconduct in unrelated matters and cases do not establish inadequacy or prejudice to White in this criminal prosecution. *Robinson v. State*, 210 Ga. App. 278 (435 SE2d 718) (1993). The subsequent disbarment of White's trial counsel did not relieve him of the requirement of making the requisite showing under *Strickland* that trial counsel's representation fell below an objective standard of reasonableness. *Williams v. State*, 211 Ga. App. 393 (2) (a) (439 SE2d 11) (1993).

White attempts to meet the standard of *Strickland* by pointing to trial counsel's failure to object to the references to mug shots. Since, as we held above, those references did not put White's character in issue, they were not subject to objection, so trial counsel's failure to object did not fall below the objective standard of reasonableness under *Strickland*.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1997.

*Rodney S. Zell*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, William W. Fincher III, Assistant District Attorneys, Michael J. Bowers, Attorney General, Allison B. Goldberg, Assistant Attorney General*, for appellee.