510 S.E.2d 901 (1999)
236 Ga. App. 46
In the Interest of T.T., a child.
No. A98A2396.
Court of Appeals of Georgia.
January 15, 1999.
Sharon S. Whitwell, Locust Grove, for appellant.
Tommy K. Floyd, District Attorney, Sandra A. Graves, Mary Evans-Battle, Assistant District Attorneys, for appellee.
McMURRAY, Presiding Judge.
T.T. was adjudicated delinquent after the juvenile court found he committed an act which, had he been an adult, would have supported a conviction for aggravated assault, a designated felony. OCGA §§ 16-5-21; 15-11-37(a)(2)(B)(ii). The juvenile court ordered that T.T. be confined in a Youth Detention Center for 48 months. On appeal, T.T. asserts there was insufficient evidence to support a finding of delinquency and that the trial court erred when it ordered him confined to restrictive custody for 48 months.
1. "In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the [juvenile] committed the acts charged. In the Interest of J.T.M., 200 Ga. App. 636, 637, 409 S.E.2d 256 (1991); see generally Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)." In the Interest of R.L.W., 225 Ga.App. 253, 254(2), 483 S.E.2d 361 (1997). The standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. In the Interest of M.J.F., 191 Ga.App. 792(1), 383 S.E.2d 173.
The record in this case shows that T.T. fought with Kenny Mann after a group of young men, including Mann, laughed at his dog. Mann testified that the fight began after T.T. stood up and asked Mann "[W]hat are you laughing at?" Mann stood up and responded, "Man, I can laugh whenever I want to laugh, I'm grown. You can't stop somebody from laughing." After they both took steps toward one another, Mann told T.T. to get out of his face three times. According to Mann, T.T. then stabbed him with a knife several times before he knew what was happening. After seeing his own blood, Mann "slammed" T.T. several times until the fight was broken up. We find this evidence sufficient to authorize the juvenile court to adjudicate T.T. delinquent.
2. T.T. asserts the juvenile court erred when it failed to conclude that he acted *902 in self-defense when he stabbed the victim. Although witnesses testified that Mann started the fight by slamming T.T., this evidence does not demand a finding that T.T. acted solely in self-defense within the meaning of OCGA § 16-3-21(a). "`[T]he credibility of the witnesses is for the judge's determination, where the trial judge hears the case without intervention of a jury.' [Cit.]" In the Interest of J.T.M., supra.
3. T.T. contends the juvenile court erred when it ordered him confined in a Youth Development Center for 48 months because "there was no finding that [he] was in need of restrictive custody." We find no merit in this enumeration. The juvenile court specifically found "the child is in need of restrictive custody" in its Order of Commitment. The juvenile court also made all of the factual findings required by OCGA § 15-11-37(b).
Judgment affirmed.
BLACKBURN and ELDRIDGE, JJ., concur.