A01A1122. SMITH v. THE STATE.
(554 SE2d 596)

SMITH, Presiding Judge.

Ronard Salvatore Smith was found guilty by a jury of armed robbery and possession of a firearm during the commission of a crime. He appeals from the conviction and sentence entered thereon following the denial of his amended motion for new trial. Smith raises the general grounds and also contends the trial court erred in several respects in recharging the jury. Finding no reversible error, we affirm.

On appeal of a criminal conviction, this court views the evidence in the light most favorable to the jury's verdict. *Jowers v. State*, 244 Ga. App. 292, 293 (1) (535 SE2d 294) (2000). So viewed, the evidence presented at trial showed that a call came in to a pizza takeout restaurant in Richmond County. The caller gave his last name as Smith and ordered four large pizzas, three cheese breads, and a two-liter soft drink. After checking to confirm the order, the restaurant dispatched its delivery person to the address given by the caller.

The delivery person, with two bags full of food, arrived at the given address, a house that appeared unoccupied. He parked his car in front of the driveway, walked to the front door, and rang the door-

bell. He was standing in front of the door when a man came up behind him. The robber was dressed in blue denim shorts and a gray and brown sweatshirt and had a handkerchief covering part of his face. He pointed a gun at the victim and told him to drop his bags and give him the money bag, which contained approximately $140. The victim did so and walked back to his car, and the robber followed him. When the victim entered his car, the windows were down, and the inside light was on; the robber looked in the passenger side door, and the victim was able to see the robber's face "clearly." As the victim drove off, he saw the robber run to the backyard, where he had come from.

The victim reported the crime to his supervisor, who called the police. Shortly thereafter, a Richmond County deputy sheriff on patrol heard the lookout on his radio and drove to the vicinity of the crime. Some passersby informed him they had seen a person fitting the broadcast description headed in a certain direction, and he followed this direction, shining his patrol car spotlight into yards. He observed several persons standing in a backyard who immediately lay down when the light shined on them. He drove around to the front of the residence and saw four men sitting on the front porch. Thinking he had found a suspect, he detained the four men until other deputies could bring the victim to attempt an identification. The police brought the victim shortly, and the victim identified Smith from the four-person lineup. At the lineup, Smith was wearing clothing different from that described as worn by the robber. Another deputy found a red insulated bag used to deliver pizza and a two-liter bottle of soft drink under a bush in the side yard of the house where the four men were found. Inside the bag were two pizzas. At the vacant house where the crime occurred, he found a pizza box. A neighbor who lived next door to the vacant house testified that Smith was a friend of her son's and was at her home on the evening of the robbery. She testified that as she was preparing to go to the store, she jokingly asked Smith if he had any money, and he told her he did not. But when she returned home, she saw Smith "standing there with a large pizza and four boxes of cheese sticks." He told her he had ordered pizza for himself and her children. A short time later, Smith left her home, and the police then came to question her.

1. Contrary to Smith's contention, this evidence was sufficient to authorize any rational trier of fact to find him guilty of armed robbery and possession of a firearm during the commission of a crime under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The testimony of the victim, who made a positive identification, would alone have been sufficient. *Smith v. State*, 237 Ga. App. 852, 853 (1) (521 SE2d 7) (1999). The victim testified that he was able to recognize Smith's complexion, the

shape of his head, and his forehead. When Smith knelt at the passenger side window, the victim was able to see Smith's face from the nose down, and he saw him "real, real, real good." Identity is a question for the trier of fact, and the credibility of the victim was for the jury to determine. The fact that Smith had a handkerchief covering part of his face did not detract from the probative force of the victim's positive identification. *Morton v. State*, 241 Ga. App. 330, 331 (526 SE2d 862) (1999).

2. Smith contends the trial court erred in recharging the jury on certain issues when the written charges were permitted to go out with the jury. Smith concedes that neither the recharge alone nor permitting the written charges to go to the jury room alone would be error.[1] He argues, however, that, in combination, they served to render the jury "thoroughly confused." He cites no authority in support of this argument. We find no evidence of such confusion, and we will not presume that the jury was confused without such evidence. If anything, both the recharge and the presence of the written instructions in the jury room would have served to enlighten, rather than confuse, the jury. We find no merit in this enumeration.

3. Smith maintains the trial court erred in its recharge on the lesser included offense of theft by receiving stolen goods by giving the sequential charge disapproved in *Edge v. State*, 261 Ga. 865, 867-868 (414 SE2d 463) (1992). We need not consider the merits of this enumeration. Even if the trial court's charge on this issue was error, it does not require reversal. "[A] defendant is not entitled to an instruction on an offense for which he is not being tried, and which is not a lesser included offense of the one he is defending." (Punctuation and footnote omitted.) *Barnett v. State*, 244 Ga. App. 585, 590 (6) (536 SE2d 263) (2000). Like the defendant in *Barnett,* Smith was "not indicted for theft by receiving, and theft by receiving is not a lesser included offense of armed robbery." Id. Here, the evidence supports only the conclusion that if Smith was guilty of committing a crime, he was guilty of armed robbery. It is well established that an accused is not entitled to a charge on a lesser included offense when the evidence establishes the commission of the greater offense alleged in the charging instrument. *Thomas v. State*, 226 Ga. App. 441, 444 (8) (487 SE2d 75) (1997). Since Smith was not entitled to the charge and the evidence supports his conviction of the greater offense, any error in the charge was harmless. *McWhorter v. State*, 198 Ga. App. 493, 494 (2) (402 SE2d 60) (1991).

---

[1] Concluding that it did not wish to prohibit a beneficial trial process by adhering "to the mechanistic regimes of the past," in *Anderson v. State*, 262 Ga. 26 (413 SE2d 732) (1992), the Supreme Court of Georgia held that although the prohibition had been a longstanding practice, it was no longer impermissible to send written jury instructions out with the jury. Id. at 27-28 (3).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED SEPTEMBER 4, 2001.

*Paul W. David*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.