## A05A0809. BAKER v. THE STATE.
(614 SE2d 904)

MIKELL, Judge.

After a jury trial, Roger Baker was convicted of three counts of aggravated assault and one count of reckless conduct. On appeal, Baker challenges the sufficiency of the evidence as to each conviction and the trial court's denial of his motion for directed verdict of acquittal. We affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.[1]

Construed in the light most favorable to the verdict, the evidence shows that in the early morning hours of Saturday, November 3, 2001, Adley Shepherd and Damon Trahan, both of whom were attending Ranger School at Fort Benning, entered a Waffle House in Columbus. Trahan testified that he made a comment to the waitress when they walked into the restaurant. Shortly thereafter, a man, later identified as co-defendant Rodney Adams,[2] began to scream and curse at Shepherd and Trahan. The waitress to whom Trahan commented was the mother of Adams's child.

Adams exited the restaurant but returned with defendant Baker soon thereafter. As Adams and Baker entered the restaurant, Shepherd and Trahan decided to leave. When the men met at the doorway, they began to fight. Trahan placed Adams in a choke hold and Shepherd placed Baker in one. Trahan and Adams remained inside the restaurant while Shepherd took Baker outside, where they both fell to the ground. Shepherd testified that he never hit, punched, or slapped Baker but simply restrained him. Shepherd saw a third person, later identified as Travis Brinson, exit a car, open the trunk, and then approach him and Baker. Shepherd did not see Brinson remove any items from the trunk. Brinson kicked Shepherd in the face several times. Trahan exited the restaurant and he and Shepherd tried to catch Brinson, who ran away. Shepherd testified that he then heard gunshots and realized that he had been shot.

---

[1] (Punctuation and footnote omitted.) *Harrell v. State*, 253 Ga. App. 691 (560 SE2d 295) (2002).

[2] Adams is not a party to this appeal but was convicted of two counts of aggravated assault and reckless conduct.

Shepherd did not see the weapon used to shoot him or the person who shot him, but he saw Baker near the car when the shots were fired. Trahan testified that the bigger man, Baker, ran to the car and pulled a gun from the trunk and shot at them. Shepherd was shot twice, so Trahan dragged him into the Waffle House.

Tiffany Newman, who was a waitress at the Waffle House, narrated a similar version of events. She testified that Adams entered the restaurant and was talking with another waitress; that when that waitress went to Shepherd's and Trahan's table, they said something to her that caused Adams to start raising his voice; that the men started fighting in the entrance; that she watched the fight between Shepherd and Baker from a window; that she saw Baker remove what she believed to be a gun from the trunk of the car; that after the first shot, she fell to the floor and one of the cooks noticed that she was bleeding. Fragments of glass from a window that was shattered by one of the bullets hit Newman in the right eye.

Sergeant Steven Sikes of the Muscogee County Sheriff's Department testified that while on patrol, he heard one call about the shooting, which included a description of the car, and another that provided the vehicle tag number and the home address of the owner of that vehicle. En route to the home address, Sergeant Sikes encountered the suspects' vehicle and initiated a stop utilizing his police lights. Sergeant Sikes testified that he ordered the three occupants to exit the car, and they complied. The front seat passenger, Adams, nervously rambled, "I did it. They didn't have anything to do with it. I busted them two." Adams told Sikes that the weapon was under the front passenger seat. Sikes recovered the .380 caliber gun after the suspects were arrested.

Sergeant George Lawson of the Columbus Police Department testified that three .380 shell casings were recovered from the parking lot of the Waffle House. When he arrived at the location where Sikes had arrested the suspects, he separately advised each suspect of his *Miranda* rights, which each waived. Baker told Lawson that the gun belonged to him and that he had not actually fired the weapon but retrieved it and gave it to somebody else. Adams testified that Baker shot the gun.

In separate enumerated errors, Baker challenges the sufficiency of the evidence and the denial of his motion for directed verdict of acquittal. Upon reviewing the sufficiency of the evidence, we are required to determine "whether a rational trier of fact could have found [Baker] guilty beyond a reasonable doubt."[3] The same standard of review applies to the denial of a motion for a directed verdict of

---

[3] (Footnote omitted.) *Smith v. State*, 269 Ga. App. 17 (1) (602 SE2d 921) (2004).

acquittal.[4] Therefore, we address these errors simultaneously.

1. A person commits the offense of aggravated assault when he assaults with a deadly weapon which, when used offensively against a person, is likely to or actually does result in serious bodily injury.[5] Baker argues that the evidence is insufficient because there is no testimony that directly, unequivocally identifies him as the shooter, other than that of co-defendant Adams. Baker maintains that his conviction cannot rest on Adams' testimony alone because the testimony of a co-defendant requires corroboration.[6] We agree with the general principle stated by Baker but find that there was other evidence in the record that identified him as the shooter.

Newman testified that she saw Baker remove something silver from the trunk of the car. Though she did not actually see the gun, she believed the item was a gun and heard a gunshot immediately thereafter. Trahan testified that he saw Baker, whom he described as the bigger fellow, run from Shepherd to the trunk of the car and remove a gun from the trunk. Baker shot once at Trahan, then at Shepherd, and during the course of firing, shot out the window of the restaurant. Shepherd also testified that Baker was near the car when the shots were fired.

> The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.[7]

Accordingly, we find the evidence sufficient to support the jury's finding that Baker was guilty beyond a reasonable doubt of aggravated assault because he shot Shepherd and shot in the direction of Trahan and Newman.[8]

We note too that the jury was charged on parties to a crime. Sergeant Lawson testified that Baker told him that he did not fire the

---

[4] *Render v. State*, 257 Ga. App. 477, 478 (1) (571 SE2d 493) (2002).

[5] See OCGA § 16-5-21 (a) (2).

[6] OCGA § 24-4-8.

[7] (Citation omitted.) *Lemons v. State*, 270 Ga. App. 743, 747 (1) (608 SE2d 15) (2004).

[8] See *Williams v. State*, 249 Ga. 6, 8 (4) (287 SE2d 31) (1982) (deliberately firing a gun in the direction of another person constitutes aggravated assault).

gun, but gave it to someone else for that purpose. Based on this evidence, the jury could have concluded that Baker was guilty as a party to the crime.

2. A person is guilty of the offense of reckless conduct when that person

causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act . . . will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.[9]

The same evidence that supports Baker's convictions of aggravated assault also supports his conviction for reckless conduct. The possible merger of this conviction into the convictions for aggravated assault was not enumerated as error and we have not considered the issue.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 16, 2005.

*John R. Mobley II*, for appellant.

*J. Gray Conger, District Attorney, Jarrell Palmer-Schley, Assistant District Attorney*, for appellee.