## S05A0553. RIGGINS v. THE STATE.
(614 SE2d 70)

BENHAM, Justice.

Clarence Riggins appeals from his conviction of felony murder, with aggravated assault as the underlying felony, arising from the shooting death of Michael Copeland.[1] Testimony at trial established that after telling friends that he had been robbed and knew who had done it, Riggins got a ride first to his apartment, where he went inside for a few minutes, then to the area from which he had gotten the ride. Leon Jones, an 11-year-old boy who was acquainted with both Riggins and Copeland, testified he saw Riggins engage in an argument with Copeland, then shoot at Copeland three times as Copeland walked away. Copeland was hit with two shots, one of which hit his head and was fatal. A cousin of Riggins testified that on the day after the

---

[1] Michael Copeland was killed on December 4, 1998, and Clarence Riggins was indicted on July 16, 1999, for malice murder, felony murder (aggravated assault), and aggravated assault. A jury trial conducted January 30-February 2, 2001, resulted in an acquittal on the malice murder charge and a guilty verdict on the felony murder and aggravated assault charges. The trial court sentenced Riggins to life imprisonment for felony murder and deemed the aggravated assault count to have merged into the felony murder count. A motion for new trial filed February 6, 2001, and amended December 14, 2001, was heard on August 15, 2002, and was denied by an order filed April 29, 2004. A timely notice of appeal was filed in the trial court May 20, 2004, and the appeal was docketed in this Court on December 2, 2004, and submitted for decision on the briefs.

shooting, Riggins told him he shot Copeland because Copeland "cussed" him.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Riggins guilty beyond a reasonable doubt of felony murder with aggravated assault as the underlying felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Curles v. State*, 276 Ga. 237 (575 SE2d 891) (2003).

2. In his only enumeration of error, Riggins contends he is entitled to a new trial because he was not afforded effective assistance of counsel. "In order to prevail on his claim, appellant must show deficient performance on the part of counsel and prejudice to his defense resulting from the deficient performance. [Cit.]" *Fulton v. State*, 278 Ga. 58, 62-63 (8) (597 SE2d 396) (2004). Riggins cites two instances of purported deficient performance that prejudiced him: failure to request a charge on voluntary manslaughter and failure effectively to impeach the eyewitness, Jones.

A charge on voluntary manslaughter would have to be supported by evidence that Riggins acted solely from passion resulting from serious provocation by Copeland. *Reynolds v. State*, 271 Ga. 174 (3) (517 SE2d 51) (1999). The only evidence regarding the circumstances of the shooting was the testimony of Jones that the men argued, and the testimony of Riggins's cousin that Riggins said he shot Copeland because he "cussed" him. Since words alone cannot constitute the serious provocation which will serve to reduce a killing from murder to manslaughter (*Paul v. State*, 274 Ga. 601 (3) (b) (555 SE2d 716) (2001)), the evidence at trial in this case would not authorize a charge on voluntary manslaughter. That being so, trial counsel's performance cannot be considered deficient based on a failure to request the charge. *Callendar v. State*, 275 Ga. 115 (3) (e) (561 SE2d 113) (2002); *Reynolds v. State*, supra; *Leggett v. State*, 241 Ga. 237, 239 (244 SE2d 847) (1978).

In an effort to impeach Jones, trial counsel developed testimony on cross-examination that the witness was on probation for burglary and for injuring another student at school, and had been arrested and put on probation for a number of other offenses. Trial counsel then attempted to further impeach Jones by the testimony of a teacher who had noted in Jones's school record that Jones would lie to get his peers in trouble. In the course of a proffer, the teacher testified her notation meant Jones would lie when he was in trouble in an effort to divert responsibility from himself. The trial court excluded the teacher's testimony as an improper means of impeachment. Riggins correctly points out that the proper method of impeachment would have been to inquire into Jones's reputation for truthfulness. As the Court of Appeals pointed out in *Callahan v. State*, 256 Ga. App. 482 (3) (a) (568

SE2d 780) (2002), the procedure for impeaching a witness by proof of bad character for truthfulness is set out in OCGA § 24-9-84: "The impeaching witness should first be questioned as to his knowledge of the general character of the witness, next as to what that character is, and lastly he may be asked if from that character he would believe him on his oath."[2] Riggins now argues that trial counsel's failure to follow the proper procedure for impeaching Jones was deficient performance which prejudiced him.

"Since an appellant claiming ineffective assistance of counsel must show both deficient performance and actual prejudice stemming from that deficiency, an insufficient showing on either of these prongs relieves the reviewing court of the need to address the other prong. [Cit.]" *Cain v. State*, 277 Ga. 309, 311 (4) (588 SE2d 707) (2003). We will, therefore, address the prejudice prong under which Riggins bears the burden of showing that "but for the deficient performance, there was a reasonable likelihood that the outcome of the trial would have been different. [Cit.]" *Pittman v. State*, 274 Ga. 260, 264 (5) (553 SE2d 616) (2001). Riggins's claim of ineffectiveness regarding the impeachment of Jones is based on the assumption the teacher, if properly questioned, would have testified Jones had a bad reputation for truthfulness and the witness would not have believed him under oath. However, the teacher testified in the proffer of her testimony that when Jones told her about witnessing the killing, she believed him. The record contains no testimony from the teacher at trial or at the hearing on the motion for new trial supporting the idea that the teacher would have given the testimony Riggins needed to impeach Jones. Without that testimony, Riggins cannot establish that Jones could have been impeached had trial counsel used the proper procedure and cannot, therefore, establish prejudice to his defense. *Fuller v. State*, 278 Ga. 812 (2) (d) (607 SE2d 581) (2005); *Baskin v. State*, 267 Ga. App. 711 (1) (b) (600 SE2d 599) (2004). Accordingly, his claim of ineffective assistance of counsel fails.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 6, 2005.

*Carla J. Friend*, for appellant.

---

[2] We note that OCGA § 24-9-84 was amended and OCGA § 24-9-84.1 was enacted in 2005 to expand upon this means of impeachment in all trials commencing on or after July 1, 2005. Ga. L. 2005, p. 20 (H.B. 170, effective April 5, 2005).

Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General, for appellee.

