632 S.E.2d 450 (2006)
279 Ga. App. 718
In the Interest of C.D.G., a child.
No. A06A1167.
Court of Appeals of Georgia.
June 9, 2006.
Rosalind M. Watkins, Jonesboro, for appellant.
Jewel C. Scott, District Attorney, Deitra Burney-Butler, Assistant District Attorney, for appellee.
MIKELL, Judge.
C.D.G., a juvenile then aged sixteen, was adjudicated a delinquent based on the commission of aggravated assault (three *451 counts),[1] possession of a firearm by a minor,[2] and discharging a gun or pistol near a street.[3] He was committed to custody in a Youth Development Center for 48 months, and thereafter ordered to be placed under intensive supervision until his twenty-first birthday. His motions for a new trial and to modify the disposition were denied. In his sole enumeration of error on appeal, C.D.G. contends that the evidence was insufficient to sustain his adjudication of delinquency. We disagree and affirm the decision of the juvenile court.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.[4]
"The evidence is examined under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), with all reasonable inferences construed in favor of the juvenile court's findings."[5]
Thus viewed, the evidence shows that on the evening of April 22, 2005, C.D.G. went to a party held at a home on Conley Drive in Clayton County. During the course of the evening, an argument or fight broke out inside, and a number of young people came out of the home and gathered in front. While standing on the street in front of the home, and while in the midst of the other young people there, C.D.G. began to fire shots into the air with a gun. As several of the young people fled the area, K.W., a 14-year-old girl, was struck in the head by a bullet and was killed.
Three teenage girls, Y.L., M.K.P., and K.B., were in front of the Conley Drive house that night, along with a number of other juveniles. All three testified that they saw C.D.G. fire a gun on the street outside of the party at the Conley Drive home. C.D.G. was standing in the roadway in front of the house when he began firing, according to K.B.'s testimony. The three girls all testified that they were certain that the person they saw firing shots was C.D.G. They were able to identify him because they knew him: Y.L. testified that she and C.D.G. had fourth period together at school; M.K.P. testified that she knew C.D.G. from attending the same school; and K.B. testified that she knew him through his cousin, with whom she had a first period class.
"When the use of a deadly weapon places the victim in reasonable apprehension of immediate violent injury, the felony offense of aggravated assault has occurred" under OCGA § 16-5-21(a)(2).[6] By their actions on the night in question, the three eyewitnesses, Y.L., M.K.P., and K.B., all demonstrated that they were placed "in reasonable apprehension of immediate violent injury,"[7] and that this assault was with a deadly weapon. In short, the evidence was sufficient for the juvenile court to conclude that the girls were put in fear by C.D.G.'s firing off shots in front of the Conley Drive home. According to her testimony, Y.L. ran away to get to safety; she said she felt unsafe once the shooting began. M.K.P. also ran away and ducked behind a car, because, she testified, she was scared. K.B. dropped *452 to the ground the moment she heard the first shot from C.D.G.
Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found C.D.G. guilty beyond a reasonable doubt of aggravated assault, possession of a firearm by a minor, and discharging a gun or pistol near a street.[8] Conflicts in the testimony of the three female victims, Y.L., M.K.P., and K.B., or even conflicts within the testimony of any of the girls, are "matters of credibility for the factfinder to resolve."[9] The juvenile court below, acting as finder of fact, found that C.D.G., a minor, had a gun, that he fired the gun among a group of people while standing on a public roadway, and that the three young female victims who testified were placed in fear of their lives.
Appellant's reliance on Haxho v. State,[10] is misplaced. There, contraband was found, not in the possession of the defendant, but only concealed on the person of defendant's traveling companion.[11] We held that the circumstantial evidence was insufficient to support his conviction as a party to the crime of trafficking in cocaine.[12] Here, on the contrary, the direct evidence was sufficient to authorize a rational trier of fact to find C.D.G. delinquent of the three counts of aggravated assault, possession of a firearm by a minor, and discharging a gun or pistol near a street.
Judgment affirmed.
BLACKBURN, P.J., and ADAMS, J., concur.
NOTES
[1] OCGA § 16-5-21(a) ("A person commits the offense of aggravated assault when he . . . assaults. . . (2) [w]ith a deadly weapon . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury.").
[2] OCGA § 16-11-132(b) ("[I]t shall be unlawful for any person under the age of 18 years to possess or have under such person's control a pistol or revolver.").
[3] OCGA § 16-11-103 ("A person is guilty of a misdemeanor when, without legal justification, he discharges a gun or pistol on or within 50 yards of a public highway or street.").
[4] (Citations and punctuation omitted.) In the Interest of T.T., 236 Ga.App. 46(1), 510 S.E.2d 901 (1999).
[5] (Citation omitted.) In the Interest of C.F., Jr., 255 Ga.App. 620, 620-621, 566 S.E.2d 387 (2002).
[6] In the Interest of M.F., 276 Ga.App. 402, 404(1)(b), 623 S.E.2d 234 (2005).
[7] Id.
[8] See In the Interest of T.T., supra.
[9] (Citations omitted.) In the Interest of J.J.K., 232 Ga.App. 470, 471, 502 S.E.2d 313 (1998).
[10] 186 Ga.App. 393, 367 S.E.2d 282 (1988) (physical precedent only).
[11] Id. at 393-394(1), 367 S.E.2d 282.
[12] Id.