A08A0842. McKENZIE v. THE STATE.
(667 SE2d 142)

PHIPPS, Judge.

Laderrickus McKenzie was charged with the armed robbery of Berry Riggins and convicted of the lesser included offense of robbery by force. Following the denial of his motion for new trial, he appeals. He complains of the trial court's refusal to admit evidence of Riggins's subsequent death from alcoholism and of the court's instructions to the jury on the credibility of witnesses and statements by a defendant. We find no reversible error and thus affirm.

State's witnesses James Bland and Sylvestor Macedo testified that on the afternoon in question, they were driving on Candler Road when they stopped at a traffic light and saw McKenzie and another man walking toward a bus stop where Riggins was standing. Defense witness Michael Moore acknowledged that he was accompanying McKenzie at the time in question. Testimony given by Bland and Macedo showed that McKenzie approached Riggins and hit him with an unidentified object causing him to fall to the ground and lose consciousness, and that McKenzie and Moore then took Riggins's wallet and walked quickly away from the scene into a nearby alley. Bland and Macedo followed them into the alley and saw them split money from the wallet, discard the wallet, and then flee in different directions. In response to a 911 call placed by Bland, numerous DeKalb County police officers quickly appeared on the scene. And McKenzie was spotted in the vicinity by Bland, taken into custody by the police, and positively identified by both Bland and Macedo.

According to Moore, an inebriated Riggins accosted McKenzie and Moore as they were walking down Candler Road and attempted to choke Moore. McKenzie and Moore then went to a food store across the street, where a man known as T. C. learned what had happened. According to Eric Green, who also testified as a defense witness, McKenzie, Moore, and T. C. then went back across the

street, where T. C. struck Riggins and caused him to fall to the ground.

One of the investigating police officers, testifying as a state's witness, denied that Riggins was noticeably intoxicated after the incident, although the officer acknowledged that Riggins emitted a faint odor of an alcoholic beverage. Although McKenzie did not appear as a witness at trial, the investigating officer testified to a custodial statement by McKenzie to the officer consistent with the defense witnesses' trial testimony.

1. McKenzie charges the trial court with an abuse of discretion in refusing to allow him to present evidence that, months after the subject incident, Riggins died of chronic ethanol abuse.

At trial, McKenzie sought to admit this evidence to establish that Riggins's death was not related to injuries he received in this incident and to show that his inebriated state made him more susceptible to being knocked out by a single blow.[1] As noted by the trial court, however, the jury was informed of a stipulation by the parties that Riggins's death was not related to this incident. Moreover, Riggins's inebriated condition was irrelevant to McKenzie's defense, which was that another individual had perpetrated the crime. The trial court thus did not abuse its discretion in finding evidence as to Riggins's alcoholism and cause of death irrelevant and thus inadmissible.

2. In reliance on *Brodes v. State*,[2] McKenzie contends that the trial court erred in instructing the jurors that they were authorized to consider a witness's intelligence in determining his or her credibility.

Reading from Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 1.31.10, the trial court charged the jurors:

> In deciding credibility, you may consider all of the facts and circumstances of the case, the manner in which the witnesses testify, *their intelligence*, their interest or lack of interest in the case, their means and opportunity for knowing the facts about which they testify, the nature of the facts about which they testify, the probability or improbabil-

---

[1] In his appellate brief, McKenzie argues that the evidence was admissible to support his claim that Riggins was the aggressor. But "[w]here an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." *Godfrey v. State*, 227 Ga. App. 576, 577 (2) (489 SE2d 364) (1997) (citation and punctuation omitted).

[2] 279 Ga. 435 (614 SE2d 766) (2005).

ity of their testimony, and the occurrences about which they testify.[3]

In *Brodes*, the Supreme Court of Georgia disapproved an instruction authorizing jurors to consider a witness's certainty in his or her identification of the defendant as a factor to be used in deciding the reliability of that identification. The Court based its decision on the emergent scientific consensus that there is a lack of positive correlation between a witness's certainty in his or her identification of someone as the perpetrator of a crime and the accuracy of that identification.

Although McKenzie has not presented us with any scientific studies, we agree that consideration of intelligence as a factor in determining witness credibility can be problematic. For instance, insofar as concerns a witness's interest or lack of interest in the case, it would not appear that a witness deemed intelligent would be more credible than a witness deemed unintelligent; but insofar as generally concerns a witness's means and opportunity for knowing facts, a juror could reasonably find a more intelligent witness to be more credible than a less intelligent one. And the problematic nature of the charge is further shown by the fact that, as pointed out by the state, the charge did not instruct the jurors how to utilize intelligence as a factor in determining witness credibility. For these reasons, we do find that the charge is confusing and should not be given. But we do not find it is so harmful as to require a reversal.

3. McKenzie also complains of the court's instruction to the jury to consider with great care and caution the evidence of any statement made by the defendant. Because McKenzie's statement was exculpatory, he argues that the court's instruction prejudiced him.

On this subject, the court began by charging the jury that the statement McKenzie allegedly made after arrest had been admitted in evidence. The court explained that before the jurors could consider this evidence for any purpose, they had to find that McKenzie was warned of his constitutional rights and that he knowingly and intelligently waived those rights. The court informed the jurors that the burden was on the state to prove these things. The court further instructed the jurors:

> *You should consider with great care and caution the evidence of any statement made by the defendant.* . . . A defendant's statement unsupported by any other evidence is not sufficient to justify a conviction. . . . You must determine

---

[3] (Emphasis supplied.)

whether or not any other evidence sufficiently supports the defendant's statement so as to justify a conviction.[4]

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error."[5] The challenged instruction here, as in *Ford v. State*,[6] was given immediately after an explanation of how to determine the admissibility of McKenzie's custodial statement, and was followed by directions that a defendant's statement unsupported by other evidence is not sufficient to justify a conviction and that other evidence must sufficiently support the defendant's statement to justify a conviction. Therefore, taken in the context of the charge as a whole, the complained-of portion of the charge would have been interpreted by a reasonable juror as referring to his or her consideration of McKenzie's custodial statement for inculpatory rather than exculpatory purposes[7] and, therefore, was not prejudicial to him.

Notably, this charge is found in Suggested Pattern Jury Instruction, Vol. II: Criminal Cases (4th ed.), § 1.32.60; OCGA § 24-3-53 is the authority therein provided for the suggested instruction; and OCGA § 24-3-53 makes reference to admissions and confessions. Consistent with OCGA § 24-3-53, and to avoid any possibility for confusion, the suggested pattern instruction should therefore be modified to refer to incriminatory statements only, i.e., admissions and confessions.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 21, 2008. ·

*Zell & Zell, Rodney S. Zell*, for appellant.

---

[4] (Emphasis supplied.)

[5] *Lewis v. McDougal*, 276 Ga. 861, 864 (2) (583 SE2d 859) (2003) (citation and punctuation omitted).

[6] 281 Ga. App. 114, 116 (2) (635 SE2d 391) (2006).

[7] See also *Brown v. State*, 277 Ga. 53, 55 (3) (a) (586 SE2d 323) (2003) (holding that taken in context of charge as a whole, jury could not have thought that instruction – that it should consider with great care and caution evidence of any statement by defendant – referred to defendant's trial testimony rather than pretrial statement to police); *Ford*, supra (same); compare *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979) (prohibiting placement of an evidentiary burden on the defendant that relieves the state of its obligation to prove every element of an offense beyond a reasonable doubt); *Stephens v. State*, 245 Ga. App. 823, 825-826 (4) (538 SE2d 882) (2000) (finding an instruction that "juries are not bound to believe testimony as to facts incredible, impossible, or inherently improbable" to be an impermissible comment on the evidence where that legal characterization could not be placed on the defendant's testimony) (citation omitted).

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.