### A09A0723. MOORE v. THE STATE.
(676 SE2d 257)

MIKELL, Judge.

A Douglas County jury convicted Damian Moore of robbery, arising from his participation in the robbery of a Wachovia Bank with his brother Bernard Sutton and Sutton's friend, Shan Jason Moltke. On appeal from the denial of his motion for new trial, Moore contends that the trial court erred by charging the jury "[to] consider with great care and caution the evidence of any statement made by the defendant." We affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on August 18, 2007, Sutton entered a Wachovia Bank in Douglas County while Moltke and Moore waited in a red Jeep outside the bank. Sutton handed the teller a plastic bag and a note written by Moore that read "This is a robbery[,] put the money in the bag and *nobody will get hurt*!!!" The teller gave Sutton all the money in her drawer, including bait bills and a dye pack, designed to explode dye and red smoke within seconds of leaving the bank. Sutton ran to the waiting Jeep and Moltke drove off. When the dye pack exploded in the vehicle, Sutton threw the bag of money out of the vehicle window, and the vehicle sped away from the bank parking lot.

At trial, Moore denied knowing about the robbery and testified that he was sleeping during the incident, but awoke when he felt his eyes and face burning. After he was arrested, Moore gave a statement to police, which was played for the jury.[1] In the statement, Moore told detectives that he never saw red smoke in the car and was never bothered by any gas.

In his sole enumeration, Moore contends that the trial court committed plain error[2] by charging the jury to "consider with great care and caution the evidence of any statement made by the defendant." Moore claims that the charge impermissibly shifted the burden of proof to him and suggested to the jury that his trial testimony should be viewed with more suspicion than the testimony

---

[1] A videotape of the statement was not included in the record on appeal, but it appears that Moore denied any involvement in the robbery. At trial, Moore acknowledged that he did not tell police that he was sleeping during the incident.

[2] See OCGA § 17-8-58 (b).

of others. The court's charge is found in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2007), § 1.32.60.[3] Both this Court and our Supreme Court have rejected this identical argument under similar circumstances, and we see no reason to rule otherwise in this case.[4]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 19, 2009.

*Mary Erickson,* for appellant.

*David McDade, District Attorney, James A. Dooley, James E. Barker, Assistant District Attorneys,* for appellee.

---

[3] See OCGA § 24-3-53.

[4] *Brown v. State,* 277 Ga. 53, 55 (3) (a) (586 SE2d 323) (2003). See also *McKenzie v. State,* 293 Ga. App. 350, 352 (3) (667 SE2d 142) (2008); *Ford v. State,* 281 Ga. App. 114, 115-116 (2) (635 SE2d 391) (2006); *York v. State,* 242 Ga. App. 281, 291 (5) (c) (528 SE2d 823) (2000).