## S10A1089. JENNINGS v. THE STATE.
### (702 SE2d 151)

MELTON, Justice.

Following a jury trial, Samuel Jennings was convicted of malice murder and concealing the death of another person in connection with the shooting death of Sean Craven.[1] On appeal Jennings contends, among other things, that the trial court erred in charging the jury on parties to a crime; that the trial court erred with respect to certain evidentiary matters; and that his trial counsel was ineffective. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the record reveals that, after Craven and Jennings, a convicted felon, exchanged several phone calls on February 12, 2003, Craven went to Covington Walk Apartments to record some music. Jennings was a rap music producer, and Craven had gone to Jennings' apartment in the past to record music. Craven did not return home on the night of February 12, 2003, and his mother filed a missing persons report. On February 23, 2003, Craven's girlfriend and Craven's mother found Craven's car at Covington Walk Apartments. On April 22, 2003, two apartment maintenance workers found Craven's badly decomposed body — with a gunshot wound to the head and wrapped in duct tape and a comforter — in the patio storage closet of the apartment that had been rented by Jennings. There was no evidence of a break-in at the apartment, and the level of decomposition of Craven's body was consistent with his death having occurred around February 12, 2003.

David Nixon, a mutual friend of Jennings and Craven, testified that Jennings told him around mid-February 2003 that Jennings had to move out of his apartment immediately. Nixon further testified that he heard another person, and a loud "thump," in Jennings'

---

[1] On August 24, 2006, Jennings was indicted for malice murder, two counts of felony murder (with aggravated assault and possession of a firearm by a convicted felon as the underlying felonies), aggravated assault, possession of a firearm by a convicted felon, and concealing the death of another person. Following a January 8-12, 2007 jury trial, Jennings was found guilty on all charges. On January 12, 2007, Jennings was sentenced to life imprisonment for malice murder, plus five years consecutive for concealing the death of another person. The felony murder counts were vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining charges were merged into the malice murder count for sentencing purposes. Jennings filed a motion for new trial on January 16, 2007, which he amended on September 25, 2007, and July 25, 2008. The motion was denied on February 12, 2010. Jennings' timely appeal was docketed in this Court for the April 2010 term, and submitted for decision on the briefs.

apartment at the time that Craven would have been there. Nixon also testified that he saw another person, not Craven, at Jennings' apartment who was telling Jennings to "hurry up" a few days after Craven had disappeared. Shortly after that day, Nixon spoke with Jennings by telephone, and Jennings informed Nixon that he was in New York. Nixon told Jennings at that time that he had been approached by the police and that the police were looking for Jennings. Jennings did not speak with Nixon after that day. Evidence was also introduced at trial that Jennings pawned certain music equipment that had been owned by Craven.

Police arrested Jennings in DeKalb County on March 18, 2005, and at that time Jennings was using the false name of "Donald Sunders," and had a social security card and ID card with that name on them.

The evidence was sufficient to enable a rational trier of fact to find Jennings guilty of all the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime).

2. Jennings argues that, because the indictment did not charge him as a party to a crime, the trial court erred in charging the jury on parties to a crime. However, "[t]he law is well-settled in Georgia that the State is not required to specify in the indictment that it is charging the defendant as a party to the crime." (Citation and punctuation omitted.) *Metz v. State*, 284 Ga. 614, 618 (3) (669 SE2d 121) (2008). Moreover, Nixon's testimony establishing that another person may have been involved in the crime authorized the trial court to charge the jury on parties to a crime. See id.

3. Jennings contends that the trial court erred by allowing the victim's mother to testify that the victim told her a few days before he died that, although he was irritated by the idea, he was going to go to Jennings' house in a few days to make some recordings. Contrary to Jennings' contention, this evidence was properly admitted under the necessity exception to the rule against hearsay. Under this exception:

(1) the out-of-court declarant must be unavailable to testify, (2) the hearsay statements must be relevant to a material fact and must be more probative evidence concerning that fact than other evidence available to the State, and (3) the hearsay statements must have been made under circumstances indicating their trustworthiness.

(Footnote omitted.) *Parks v. State*, 275 Ga. 320, 321 (2) (565 SE2d 447) (2002). Here, Craven was deceased and therefore unavailable to

testify. Id. In addition, the testimony offered was relevant to explain the state of feelings between Jennings and Craven and when and why Craven would have been at Jennings' apartment — the location where his body was found. Further, the evidence offered by Craven's mother, who knew the nature of Craven's relationship with Jennings over the course of several years, was more probative on these facts than other evidence that was offered. In this regard, Craven's mother also testified about the closeness of their relationship, describing Craven as a "momma's boy" who had lived with her throughout his entire adult life before he died, which indicates that Craven's statements were made under circumstances indicating their trustworthiness. Id. We find no abuse of discretion in the trial court's admission of this testimony. See id.

4. Jennings urges that the State made an improper opening statement by indicating that Nixon would testify that he saw Jennings with a gun, because Nixon did not later testify that Jennings had a gun. See Uniform Superior Court Rule 10.2 ("The district attorney may make an opening statement prior to the introduction of evidence. This statement shall be limited to expected proof by legally admissible evidence."). While it is true that

> a prosecutor's opening statement must be confined to what he or she expects the evidence to prove at trial . . . a conviction will not be reversed if the opening statement was made in good faith, and the trial court instructs the jury that opening statements are not to be considered as evidence during deliberations.

(Footnotes omitted.) *Hartry v. State*, 270 Ga. 596, 598 (2) (512 SE2d 251) (1999).

Here, the record reveals that the prosecutor had a good faith belief at the time that he made his opening statement that Nixon would testify that he saw Jennings with a gun. Specifically, Nixon told the prosecutor in a 2005 interview that he had seen Jennings with a gun. However, after the prosecutor gave his opening statement and he met with Nixon in the hallway before putting him on the witness stand, Nixon then told the prosecutor that he did not recall seeing Jennings with a gun. The prosecutor reviewed his notes from the 2005 interview, and he discovered that, while it was clear that Nixon had told the prosecutor that he had seen Jennings with a gun, it was not clear whether or not Nixon had seen Jennings with a gun at his apartment. Thus, although the prosecutor wanted to show the jury that Jennings had been seen with a gun at his apartment, it only became clear to the prosecutor that he may not have been able to do this after he had already given his opening

statement. Further, the trial court explicitly instructed the jury that the opening statements of counsel were not evidence. Accordingly, because the prosecutor's opening statement was made in good faith, and because the jury was instructed that counsel's opening statement was not evidence, Jennings' enumeration is without merit.

5. Jennings argues that the trial court erred in allowing bad character testimony to be introduced. However, Jennings failed to object to any of the testimony in question. Accordingly, he has waived review of this enumeration on appeal. *Wesley v. State*, 286 Ga. 355 (2) (689 SE2d 280) (2010).

6. Jennings claims that his trial counsel was ineffective because (a) counsel did not assert Jennings' right to address the jury after the court charged the jury on parties to a crime, (b) counsel did not object to the State's opening argument (c) counsel failed to object to testimony by Craven's mother that placed Jennings' character in issue, (d) counsel failed to call additional witnesses, and (e) counsel failed to investigate an additional suspect.

In order to succeed on his claim of ineffective assistance, Jennings must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a)-(b) Because the trial court properly instructed the jury on parties to a crime, and because no reversible error occurred with respect to the prosecutor's opening statement, Jennings cannot succeed on his claim that trial counsel was ineffective in relation to either of these issues. See, e.g., *Ventura v. State*, 284 Ga. 215 (4) (663 SE2d 149) (2008).

(c) Jennings' counsel made a reasonable strategic decision not to object to Craven's mother's passing reference to Jennings as "bad news" and her testimony that she had seen Jennings "at the jail" where she worked. Specifically, counsel wanted the jury to see that Craven's mother hated Jennings and believed that this testimony would show that she was simply biased against him. In light of this reasonable strategy, evidence supported the trial court's conclusion that counsel rendered effective assistance. *McKenzie v. State*, 284 Ga. 342 (4) (a) (667 SE2d 43) (2008).

(d) Jennings does not identify in his brief, nor did he call to testify at the motion for new trial hearing, any witnesses who could have allegedly added the "material evidence" that he claims was missing from his defense.

> [B]ecause [Jennings] neither called [these witnesses] to testify at the motion for new trial hearing nor presented a legally acceptable substitute for [their] direct testimony so as to substantiate [his] claim that [their] testimony would have been relevant and favorable to [his] defense, it was impossible for [Jennings] to show there is a reasonable probability the results of the proceedings would have been different. Under these circumstances, ineffective assistance of counsel has not been shown.

(Citation and punctuation omitted.) *Dickens v. State*, 280 Ga. 320, 323 (2) (627 SE2d 587) (2006).

(e) Counsel testified at the motion for new trial hearing that he investigated every person who may have been connected to this case, and that he also investigated relevant phone records and police files that could have revealed other suspects in Craven's murder. Despite counsel's efforts, he was unable to connect any additional suspect to the shooting. In light of counsel's reasonable investigation, evidence supports the conclusion that Jennings has failed to meet his burden of proving deficient performance by his trial counsel. See *Spencer v. State*, 275 Ga. 192 (2) (563 SE2d 839) (2002).

7. Jennings attempts to raise several other enumerations of error in a separate, pro se, brief that he has filed. However, those arguments will not be considered here, as Jennings "does not have the right to be represented by counsel on appeal, and simultaneously to represent himself. [Cit.]" *Crouch v. State*, 279 Ga. 879, 884 (5) (622 SE2d 818) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Little & Crumly, Samuel F. Little, Jr.,* for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Leonora Grant, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellee.