### S11A1397. ADEL v. THE STATE.
(723 SE2d 666)

MELTON, Justice.

Following a jury trial, Renato Adel was found guilty of malice murder for killing his roommate, Mesfin Asfaw, and theft by taking for taking Asfaw's car.[1] On appeal, Adel contends, among other things, that the evidence presented at trial was insufficient to support the verdict and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the record reveals that, at approximately 5:00 p.m. on May 13, 2007, Asfaw drove his car to visit Paul Goss at the apartment that Goss shared with Randy Domantay. When Asfaw found out that Goss was not home, he left. About two hours later, Domantay and Goss went to visit Asfaw at the apartment Asfaw shared with Adel. Although Asfaw's car was in the parking lot, Adel informed them that Asfaw was not home and that he did not know where Asfaw was. Adel also did not let the men into the apartment. The next day, Asfaw uncharacteristically did not show up for work. Adel worked that night until around midnight. Although Adel normally rode the bus to work, that night, Adel drove Asfaw's car to work.

At 4:05 a.m. the next morning, Kennathia Freeman, a woman who lived on Charter Lane (a street on which Adel used to live and that was twenty-two miles away from his current residence), was returning home and noticed a fire on the side of the road and a person squatting by the road watching the fire. After pulling into her residence, the person saw a four-door truck drive by the fire. Goss

---

[1] On August 20, 2007, Adel was indicted for malice murder and theft by taking. Adel's April 2009 jury trial ended in a mistrial, and a subsequent jury trial was held on July 6-10, 2009. Adel was found guilty on all charges, and on August 9, 2009, the trial court sentenced Adel to life imprisonment for malice murder plus ten years for theft by taking. Adel filed a motion for new trial on September 9, 2009, which he amended on October 5, 2010. The motion was denied on February 22, 2011. The Court of Appeals transferred Adel's appeal to this Court on May 17, 2011. The case was docketed in this Court for the September 2011 term and submitted for decision on the briefs.

owned a similar truck. Later that morning, Asfaw's body was found off Charter Lane, burned (having been doused with an accelerant), decapitated, drained of almost all blood, missing most of his internal organs, and cut into pieces.

On May 16, detectives went to Adel's apartment. Adel arrived in Asfaw's car and told the detectives that he had slept in the car at work the night before because he did not want to sleep in the apartment by himself. He also told the detectives that Asfaw was on vacation; he did not know where Asfaw was; that Asfaw had loaned him the car; and that, although Asfaw had been home when Goss and Domantay had visited two days earlier, he apparently left at some point while Adel was in the bathroom. At the time that he spoke with the detectives, Adel was carrying a box of trash bags, disposable gloves, and household cleaning supplies.

A search of the apartment revealed that the bathroom and living room carpet were very clean, a new vacuum was in the apartment, Spic-N-Span cleaner was next to the toilet, Windex was on the bathroom counter, and a scrub brush was in the bathtub. In addition, the drain strainer had been removed from the bathtub, the screw for the strainer was in the soap dish, and a screwdriver was on the sink. A kitchen knife was on the kitchen counter next to additional cleaning items. The carpet had indentations where a piece of furniture had apparently been removed recently. Luminol testing faintly revealed the presence of blood on the bathtub and surrounding walls. A saw was found in the hall closet.

Trash collected from the apartment's dumpster included Asfaw's driver's license, wallet, and debit card; socks and a sheet with Asfaw's blood; and wood with attached fabric from a large piece of furniture which had been broken into pieces. The wood pieces with attached fabric matched furniture in Adel's apartment, and one piece had blood on it.

An autopsy revealed that the cuts to Asfaw's soft tissue were clean, and had probably been made by a sharp instrument such as a kitchen knife. The cuts to the bone were likely made by a mechanical tool such as a power saw that could be found at any hardware store. It was also explained to the jury that blood could be efficiently drained from a body in a bathtub by removing the head and putting the neck below the feet, that the organs could be cut up and flushed down the toilet, and that the scene could be cleaned with regular household cleaning supplies.

The evidence outlined above was sufficient to enable a rational trier of fact to find Adel guilty of all the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Lee v. State*, 270 Ga. 798, 801 (5) (514 SE2d 1) (1999) ("It is well-settled that a defendant

commits a robbery if he kills the victim first and then takes the victim's property") (citations omitted); OCGA § 24-4-6 (conviction based on circumstantial evidence authorized where proved facts are consistent with the hypothesis of guilt and exclude every other reasonable hypothesis save that of the guilt of the accused).

2. Adel contends that the trial court erred in allowing alleged "hearsay" testimony in the form of (1) Goss' roommate testifying that Goss did not spend nights away from the apartment, and (2) a police investigator testifying that Asfaw's sister and her husband could not come to court to testify because one was out of the country on an emergency and the other was in Asia. As an initial matter, Adel waived any challenge to this testimony on hearsay grounds on appeal by failing to raise such an objection at trial. *Edwards v. State*, 282 Ga. 259 (4) (646 SE2d 663) (2007). In any event, the testimony actually elicited from Goss' roommate was not hearsay, but properly admitted testimony regarding his direct observations about Goss' whereabouts around the time of the murder. Further, Adel suffered no harm from the admission of the investigator's testimony, as it had nothing to do with either the charged offenses or with Adel as the alleged perpetrator of the alleged crimes. See, e.g., *Duckworth v. State*, 246 Ga. 631 (8) (272 SE2d 332) (1980).

3. Adel claims that the trial court erred in giving a charge on parties to a crime. However, because the evidence supported the inference that others may have been involved in Asfaw's murder, and even Adel himself tried to implicate Goss as possibly being involved in the murder, evidence supported the trial court's decision to include a charge on parties to a crime. *Jennings v. State*, 288 Ga. 120, 121 (2) (702 SE2d 151) (2010). This enumeration is therefore without merit. Id.

4. Finally, Adel argues that his trial counsel was ineffective for having failed to object on hearsay grounds to the investigator's testimony regarding the reasons why Asfaw's sister and her husband could not come to court to testify. However, as explained in Division 2, supra, Adel suffered no harm from the admission of this testimony. Accordingly, his counsel's failure to object to the admission of this testimony on hearsay grounds could not amount to ineffective assistance. *White v. State*, 283 Ga. 566, 569 (4) (662 SE2d 131) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 2012.

*Lee W. Fitzpatrick*, for appellant.

*Robert D. James, Jr.*, District Attorney, *Leonora Grant*, Assistant District Attorney, *Samuel S. Olens*, Attorney General, *Paula K.*

*Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.