303 Ga. 651
FINAL COPY

S18A0354.  SLATON v. THE STATE.

HINES, Chief Justice.

Appellant William Slaton, Matthew Pike ("Pike"), and Daniel Slaton ("Daniel"), appellant's brother, were jointly indicted for malice murder and other crimes in connection with the death of Justin Klaffka.[1]  Daniel pled guilty

---

[1] The crimes occurred on April 10, 2012.  On June 5, 2012, a Houston County grand jury indicted appellant, Pike, and Daniel for malice murder (Count 1); felony murder while in the commission of aggravated battery (Count 2); aggravated battery (Count 3); felony murder while in the commission of kidnapping with bodily injury (Count 4); kidnapping with bodily injury (Count 5); felony murder while in the commission of aggravated assault (Count 6); aggravated assault (Count 7); and two counts of tampering with evidence, which were later nolle prossed.  On July 18, 2013, appellant and Pike both were found guilty of Counts 1 through 7.  On July 19, 2013, appellant was sentenced to life in prison without the possibility of parole for malice murder.  The remaining counts were vacated by operation of law or were merged for sentencing purposes, and those rulings have not been challenged.  See *Dixon v. State*, 302 Ga. 691, 697-698 (4) (808 SE2d 696) (2017).  Appellant filed a motion for new trial on July 24, 2013 and an amended motion for new trial on June 16, 2017. The motion for new trial, as amended, was denied on July 21, 2017.  Appellant filed a notice of appeal on August 15, 2017, and the case was docketed in this Court for the term beginning in December 2017.  The appeal was submitted for decision on the briefs.

to several crimes and testified for the State at appellant's trial. Appellant was tried along with Pike, and both were convicted of malice murder. We have already affirmed Pike's conviction. See *Pike v. State*, 302 Ga. 795 (809 SE2d 756) (2018). Following the denial of appellant's motion for new trial, as amended, he appeals, contending, among other things, that his trial counsel provided ineffective assistance in numerous respects. We disagree and affirm.

1. Viewed in the light most favorable to the verdict, the evidence, which is set forth in detail in *Pike*, 302 Ga. at 795-796, authorized a rational trier of fact to find beyond a reasonable doubt that appellant and Pike killed Klaffka on April 10, 2012, because they became worried that he would tell the police that the two of them, along with Klaffka, had committed an armed robbery on April 8, 2012, at the mobile home residence of Garrett Fluellen ("Fluellen"). Accordingly, the evidence is sufficient to support the verdict. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant contends that his trial counsel provided ineffective assistance by failing to explain to him both that the plea offer the State had made to him included the possibility of parole and that, if he rejected that offer and was convicted after a trial, he faced a mandatory sentence of life without parole due

2

to his prior record.

To prevail on a claim of ineffective assistance, appellant must show both that his counsel performed deficiently and that, but for the deficiency, there is a reasonable probability that the outcome of his trial would have been more favorable. See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984). "While the test imposed by *Strickland* is not impossible to meet, the burden is a heavy one." *Wiggins v. State*, 295 Ga. 684, 686 (2) (763 SE2d 484) (2014).

> To prove deficient performance, one must show that his attorney performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. Courts reviewing ineffectiveness claims must apply a strong presumption that counsel's conduct fell within the wide range of reasonable professional performance. Thus, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course. If the defendant fails to satisfy either the "deficient performance" or the "prejudice" prong of the *Strickland* test, this Court is not required to examine the other.

*Capps v. State*, 300 Ga. 6, 8 (2) (792 SE2d 665) (2016) (citation and punctuation omitted).

Here, at the motion for new trial hearing, appellant's trial counsel both

3

testified that, before appellant rejected the State's plea offer, they explained to him both that the State's plea offer included the possibility of parole and that, if he was convicted after a trial, he faced a mandatory sentence of life without parole. Moreover, the record shows that at a pre-trial motions hearing, the trial court more than adequately explained these issues to appellant, and his lead counsel told the trial court, "for the record, I have explained all that to him already." In its order denying the motion for new trial, the trial court found that appellant's trial counsel had adequately informed appellant of these matters. Based on the record, we cannot say that the trial court's factual finding was clearly erroneous. See *Jenkins v. State*, 303 Ga. 314, 319 (812 SE2d 238) (2018) (in reviewing claims of ineffective assistance of counsel, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts'" (citation omitted)). Appellant therefore has failed to show that his trial counsel performed deficiently.

3. Appellant contends that his trial counsel were ineffective in failing to move to sever appellant's trial from that of Pike and that the trial court also erred in failing to sever the co-defendants' trials.

4

(a) Contrary to appellant's contention, his trial counsel did move to sever appellant's trial from that of Pike on the ground that the co-defendants were raising antagonistic defenses. Therefore, appellant's claim that his trial counsel performed deficiently by failing to assert this ground for a severance fails.

We also conclude that the trial court did not err in denying that motion based on the ground of antagonistic defenses. Pike raised this same issue in his appeal, and we resolved it against him. See *Pike*, 302 Ga. at 798-799 (2). There, we explained that "'[a] defendant cannot rely upon antagonism between co-defendants to show prejudice and the consequent denial of due process; a defendant must show that the failure to sever harmed him.'" Id. at 798 (2) (citation omitted). Here, "the State's case . . . was substantially the same for Pike and Slaton," id. at 799 (2), and the record shows that appellant was able to present his alibi defense to the jury, while blaming the murder on Pike and Daniel. Therefore, as we did in Pike's case, we conclude in appellant's case that

> [t]here is nothing to suggest that the outcome of [appellant's] trial would have been different had he been tried separately from [Pike]. Simply, [appellant] has failed to demonstrate that he was prejudiced by the joint trial so that he was denied due process; consequently, there is no showing that the trial court abused its discretion in denying severance.

5

Id.

(b) Appellant also claims that his trial counsel provided ineffective assistance by failing to move for a severance on the ground that there was evidence that was admissible against Pike but not against appellant. Appellant points to testimony that he elicited from David Pike, Pike's brother, on cross-examination that Pike was a "beast" and a "tough guy." Trial counsel did not move for a severance on this ground, but we conclude that this ineffective assistance claim is without merit. Whether to raise this ground in the motion to sever was a matter of trial strategy, see *Powell v. State*, 297 Ga. 352, 356 (5) (b) (773 SE2d 762) (2015), and because the testimony in question generally supported appellant's defense that Pike committed the murder, we conclude that the decision not to move for a severance based on this testimony was not "so patently unreasonable that no competent attorney would have followed such a course." *Capps*, 300 Ga. at 8 (2) (citation and punctuation omitted).

4. In his third enumeration of error, appellant raises numerous allegations of error committed by the trial court and his trial counsel.

(a) Appellant contends that the trial court erred in allowing the State to introduce evidence of the armed robbery at the Fluellen residence at trial.

6

However, in Pike's appeal, we concluded that, under our three-part test for determining if evidence of other uncharged acts is admissible, the trial court did not abuse its discretion in admitting the evidence against Pike, see *Pike*, 302 Ga. at 800-801 (4), and we likewise reject appellant's contention that the trial court abused its discretion in admitting that evidence against him. See id. Moreover, appellant's claim that his trial counsel provided ineffective assistance by failing to object to the evidence of the Fluellen armed robbery is without merit, as the record shows that counsel did object to the admissibility of that evidence.

(b) In a related argument, appellant contends that the trial court erred in allowing the State to mention the extrinsic evidence of the armed robbery at the Fluellen residence in its opening statement before any evidentiary foundation was established. However, appellant failed to object to this part of the prosecutor's opening statement and thus has waived the issue for appeal. See *Phillips v. State*, 285 Ga. 213, 217 (3) (675 SE2d 1) (2009) ("[D]efense counsel voiced no objection to the remark made during the opening statement. The failure to object to the remark now challenged constitutes a waiver of the issue on appeal."). Moreover, even if the issue had been preserved for review, it is without merit. In a pre-trial motions hearing, the trial court ruled that evidence

7

of the armed robbery would be admissible at trial. The prosecutor therefore

properly referred to that expected evidence in his opening statement. See

*Jennings v. State*, 288 Ga. 120, 122 (4) (702 SE2d 151) (2010) ("'[A]

prosecutor's opening statement must be confined to what he or she expects the

evidence to prove at trial.'" (citation omitted)); Uniform Superior Court Rule

10.2 ("The district attorney may make an opening statement prior to the

introduction of evidence. This statement shall be limited to expected proof by

legally admissible evidence. . . ."). Similarly, because the prosecutor's reference

to the Fluellen armed robbery in his opening statement was proper, counsel did

not perform deficiently in failing to object to it. See *Faust v. State*, 302 Ga. 211,

218 (4) (a) (805 SE2d 826) (2017) (holding that "counsel was not ineffective for

failing to make a meritless objection").

(c) Appellant also claims that the trial court erred in admitting into

evidence a certified copy of the indictment during Daniel Slaton's testimony to

show that Daniel had pled guilty to several crimes, including tampering with

evidence. Appellant contends that the indictment should not have been admitted

because it showed that appellant had been indicted for tampering with evidence,

a charge that the trial court had nolle prossed as to appellant before trial.

8

Appellant, however, did not make this objection at trial, so we review this claim only for plain error. See OCGA § 24-1-103 (d).

To satisfy the test for plain error, appellant must show, among other things, that the error "'affected [his] substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings.'" *Wilson v. State*, 301 Ga. 83, 88 (2) (799 SE2d 757) (2017) (citation omitted). Appellant has failed to make this showing. Here, Pike's counsel introduced the indictment and used it to cross-examine Daniel extensively about his plea deal with the State. Moreover, the trial court removed the two tampering counts from the indictment sent back for the jury to use and instructed the jury that appellant was on trial only for the offenses charged in that indictment and "not for any other acts that you may have heard about in the course of this case." For these reasons, we conclude that appellant has not made the "'affirmative showing that the error probably did affect the outcome below.'" Id. (citation omitted). For these same reasons, we also conclude that appellant cannot show prejudice on his claim that his counsel were ineffective in failing to object to admission of the certified copy of the indictment. See *Hampton v. State*, 302 Ga. 166, 168-169 (2) (805 SE2d 902) (2017) (explaining

9

that "this Court has equated the prejudice step of the plain error standard with the prejudice prong for an ineffective assistance of counsel claim").

(d)  In addition, we find no merit to appellant's claim that his counsel provided ineffective assistance by failing to request a limiting instruction regarding the purpose of the evidence of the Fluellen armed robbery before the prosecutor's opening statement.  The evidence was admissible, and the trial court gave an appropriate limiting instruction when the evidence was admitted at trial.  We therefore conclude that appellant has failed to show prejudice on this claim of ineffective assistance.  See *Poole v. State*, 291 Ga. 848, 857 (8) (734 SE2d 1) (2012) ("Assuming that the failure to ask for a limiting instruction on the use of appellant's prior criminal convictions was deficient performance, appellant did not suffer prejudicial harm from the deficiency since the trial court included such a charge in its instructions to the jury.").

(e)  Appellant contends that his trial counsel provided ineffective assistance by failing to object to testimony by Amanda Mitchell that she had sex with appellant because he threatened her.  However, we conclude that, given the strength of the evidence against appellant, which included testimony from his brother and a victim that he participated in the armed robbery at the Fluellen

10

residence, testimony from several witnesses that he beat the victim on the evening of the murder at 119 Dixie Trail, testimony that he participated in the killing of the victim at the Ocmulgee River, and testimony that appellant told David Pike that night that he and Matthew Pike had "killed Klaffka and floated him down the river," *Pike*, 302 Ga. at 796, appellant has failed to show that, if his counsel had objected to this testimony, there is a reasonable probability that the outcome of the trial would have been different.

(f) Appellant claims that his counsel should have objected to evidence that he was using a prescription pain killer. However, the record shows that the testimony in question was about David Pike using the prescription pain killer for an injured leg. Accordingly, this contention is without merit.

5. Appellant contends that his trial counsel were ineffective in failing to object to a leading question posed by the State to David Pike. Appellant has failed to show prejudice on this claim, however, because an objection likely would not have prevented the admission of the testimony, either because the trial court would have permitted the questions to be answered on the ground that David was a reluctant and hostile witness, see OCGA § 24-6-611 (c) (leading questions are within the discretion of the trial court to permit on direct

11

examination "as may be necessary to develop the witness's testimony" or when "a party calls a hostile witness"), or because the prosecutor could have rephrased his questions.

6. Appellant contends that his counsel provided ineffective assistance when one of them played two video clips of a police interview of Amanda Mitchell that were not the relevant clips, one of which apparently involved a description of some drug activity. However, neither the trial transcript nor the transcript of the motion for new trial hearing establish whether appellant was involved in the drug activity, and one of his counsel testified at the hearing on the motion for new trial that all he could remember was "some reference to drug activity," but that he would not be surprised if the reference involved Mitchell's drug activity. Moreover, at the motion hearing, appellate counsel told the court that, with regard to the video clips, "there's nothing in the record to indicate what was being played to the jury and that sort of leaves us in the dark as to how that might have prejudiced" appellant. For these reasons, and because the trial court instructed the jury to disregard the two clips, appellant has failed to establish that the playing of the video clips caused him actual prejudice.

7. During appellant's cross-examination of Amanda Mitchell, the video

12

clips played by appellant were from her first interview with the police. Appellant, however, did not play any parts of Mitchell's second interview with the police, and neither did co-defendant's counsel or the State. Because Mitchell referred to her second interview several times during the cross-examination, appellant's lead counsel asked the trial court to admit it into evidence. The trial court refused on the ground that no part of it was introduced and played for the jury.

Appellant now contends that his counsel were ineffective in failing to object, under the rule of completeness, see OCGA §§ 24-1-106 and 24-8-822, to the trial court excluding the entirety of the second interview. We disagree. Because appellant did not make any proffer at the motion for new trial hearing to show that the substance of Mitchell's second interview would have been favorable to him, appellant cannot establish prejudice on this claim of ineffective assistance. See *Williams v. State*, 302 Ga. 474, 483 (IV) (b) (807 SE2d 350) (2017) (explaining that because appellant did not make any proffer to show that the testimony of an alleged expert witness "'would have been relevant and favorable, and thus, would have resulted in a different verdict,' he cannot establish prejudice" on his claim that trial counsel was ineffective in

13

failing to call such a witness) (citation omitted)); *Woods v. State*, 275 Ga. 844, 849–850 (3) (d) (573 SE2d 394) (2002) (holding that appellant could not show prejudice from counsel's failure to use a videotape at trial, where the defendant never introduced the tape itself into evidence).

8. Daniel Slaton testified that, on April 10, when the victim returned to 119 Dixie Trail after being gone all day, appellant and Pike asked Klaffka where he had been and began beating him. Daniel testified that the victim said that he had been to see his probation officer. According to Daniel, appellant and Pike were afraid that the victim had gone to tell someone about the April 8 robbery. Appellant claims that his trial counsel erred by not making a hearsay objection to that testimony. We disagree. The statement was not "offered in evidence to prove the truth of the matter asserted," OCGA § 24-8-801 (c), and therefore was not hearsay. In this regard, the statement was not offered to prove that Klaffka had visited his probation officer, but, rather, was offered to show the effect of the statement on appellant and Pike. See *Gates v. State*, 298 Ga. 324, 326 (2) (781 SE2d 772) (2016) (holding that a text message was not hearsay under OCGA § 24-8-801 (c) because it was not offered for its truth but to show its effect on the defendant); *United States v. Cruz*, 805 F2d 1464, 1478 (III) (11th

14

Cir. 1986) ("[A]n utterance may be admitted to show the effect it has on a hearer." (citation omitted)). Because a hearsay objection would have been meritless, counsel were not ineffective for failing to make the objection. See *Faust*, 302 Ga. at 218 (4) (a).

9. At trial, appellant's alibi witness admitted that she told trial counsel several times that she picked up appellant after the beating of Klaffka but before Klaffka was taken to the Ocmulgee River and killed. On cross-examination by the prosecutor, she also said that she told the prosecutor that "Slaton didn't do it because he was with [me]." However, she also waffled on this story, testifying a few times that she now was uncertain she picked up appellant on the night of the crimes. Appellant claims that his counsel erred by failing to have someone witness the statements made to them by the alibi witness or to have that witness sign an affidavit regarding the substance of those statements after she made them. However, we conclude that, because the alibi witness testified several times that, on the evening of the victim's death, she picked up appellant before the victim's death occurred and because of the strength of the evidence against appellant, appellant has failed to show actual prejudice on this claim of ineffective assistance.

Judgment affirmed.  All the Justices concur.

Decided May 7, 2018.

Murder. Houston Superior Court. Before Judge Lumsden.

Greg H. Bell, for appellant.

George H. Hartwig III, District Attorney, Alicia D. Gassett, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.